The HOUSTON CHRONICLE PUBLISHING COMPANY, Relator,

v.

The Honorable Jim MATTOX, Attorney General of the State of Texas, Respondent.

No. C–7911.

Supreme Court of Texas.

March 22, 1989.

William W. Ogden, Liddell, Sapp, Zivley, Hill & Laboon, Houston, for relator.

Kelly Frels & Arturo G. Michel, Bracewell & Patterson, David M. Feldman & Darah S. Headley, Vinson & Elkins, Houston, David R. Richards, Richards, Wiseman & Durst, Lonnie Hollingsworth, Austin, Richard D. Strahan & George M. Kirk, Strahan & Kirk, Houston, Priscilla L.

Champion & Jennifer S. Riggs, Office of Atty. Gen., Austin, for respondent.

## OPINION

RAY, Justice.

The issue in this original mandamus proceeding is whether the Attorney General of Texas can enter into, and a district judge can render, an agreed order that prohibits the Attorney General from issuing a decision under the Open Records Act. Tex. Rev.Civ.Stat.Ann. art. 6252–17a (Vernon Supp.1989). Because we hold that the Attorney General and the district judge's actions violate the constitutional prohibition against suspending laws, we conditionally grant the writ of mandamus against the Attorney General.

The relator, Houston Chronicle Publishing Company, has invoked the original jurisdiction of this court to issue a writ of mandamus against the Attorney General. Tex. Const. art. V, § 3; Tex. Gov't Code Ann. § 22.002 (Vernon 1988). The controversy arises from the Chronicle's August 1988 requests that the Houston Independent School District (HISD) disclose the college transcripts of district administrators who allegedly obtained advanced degrees from nonaccredited schools. These requests were based on previous determinations which held that the college transcripts of public school teachers and administrators are public information under the Act. *Klein Indep. School Dist. v. Mattox,* 830 F.2d 576 (5th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1473, 99 L.Ed.2d 702 (1988); Tex. Att'y Gen. ORD–467 (1987); Tex. Att'y Gen. ORD–284 (1981). The HISD refused the Chronicle's request for access to the transcripts and requested an open records decision from the Attorney General. The Chronicle filed an application for writ of mandamus in the 113th district court of Harris County, claiming that it was entitled to seek immediate enforcement of the Open Records Act because the Attorney General had already ruled that such transcripts are public information.

The Chronicle's mandamus action against the HISD was consolidated over the Chronicle's objections with a class action pending in the 152d district court of Harris County, the Honorable Jack O'Neill presiding. This case, *Chapman v. Mattox,* involves a challenge by professional school employees in the Klein Independent School District to the Attorney General's interpretation of the Open Records Act, which requires the disclosure of the employee's college transcripts. The *Chapman* plaintiffs contend that disclosure of the transcripts would deprive them of their right to privacy under the Texas Constitution. *See Texas State Employees Union v. Texas Dep't of Mental Health & Mental Retardation,* 746 S.W.2d 203 (Tex.1987). Upon consolidation, the parties in the Chronicle's mandamus action became subject to all prior orders in the *Chapman* case, including an August 15, 1988, agreed order between the Attorney General and the *Chapman* plaintiffs, which abated the action until completion of the regular session of the 71st Texas Legislature. This order prohibits the Attorney General from rendering any decisions that would require the disclosure of a professional school employee's college transcript. Because of the agreed order in *Chapman,* the Attorney General refused to render an open records decision for the HISD.

Judge O'Neill heard the Chronicle's application for writ of mandamus against the HISD in the procedural context of consolidation with the *Chapman* case. The judge denied the application for writ of mandamus because he ruled that the Chronicle lacked standing under the Open Records Act since there had been no decision by the Attorney General that the transcripts were public records. *See* Act § 8 (person requesting public information may seek a writ of mandamus if the governmental body refuses to request an attorney general's decision or refuses to supply information the Attorney General has determined to be a public record). The Chronicle, thus, is precluded from obtaining the information it seeks because of an agreed order to which it is not a party.

■ The Chronicle has asked this court to issue a writ of mandamus to compel the Attorney General to comply with his mandatory duty under the Open Records Act

by forthwith rendering a decision determining whether the HISD must disclose the transcripts of the administrators. Because Judge O'Neill's August 15, 1988, order is void, we agree that the Chronicle is entitled to relief.

■ Our constitution states that "[n]o power of suspending laws in this State shall be exercised except by the Legislature." Tex. Const. art. I, § 28. The August 15, 1988, agreed order clearly violates this constitutional prohibition by prohibiting the Attorney General from rendering an open records decision regarding professional school employee transcripts until completion of the regular session of the 71st Texas Legislature. The Attorney General has a mandatory duty under section 7 of the Open Records Act to "forthwith render a decision" if requested by a governmental body. A judge, even with the Attorney General's consent, is expressly prohibited by the constitution from suspending any valid statute. Judges may neither suspend a valid statute nor supervise and direct the manner and method of its enforcement by the officers of the executive department of government charged with enforcing the statute. *State v. Ferguson*, 133 Tex. 60, 66, 125 S.W.2d 272, 276 (1939). While it is possible that the legislature may decide to exempt such transcripts from disclosure under the Open Records Act, the Attorney General must apply the law as it is currently written. He may not refuse to fulfill his duties in order to see what the legislature might do.

■ There is disagreement between the parties as to the Attorney General's duty to render a decision under the Open Records Act and the time requirements the Act imposes on him. Section 7 requires the Attorney General to render a decision only if there has been no previous determination that the requested information falls within one of the exceptions to the Open Records Act. The Act does not require a previous determination on the specific piece of information; it allows the Attorney General to explicitly refuse to render a decision if he decides that a previous determination has been made regarding the category of information to which the request belongs. The Attorney General's refusal to render a decision is subject to review by the courts on an abuse of discretion standard.

■ Section 7 of the Act also requires the Attorney General to "forthwith render a decision, consistent with standards of due process, to determine whether the requested information is a public record or within one of [the Act's] exceptions." This language does not impose rigid deadlines for the rendition of decisions, but rather requires that the Attorney General act within a reasonable time and not delay beyond the time needed to reach his decision. *See* Tex. Gov't Code Ann. § 312.002(a) (Vernon 1988) (words in statutes shall be given their ordinary meaning); G. & C. Merriam Co., *Webster's Third New International Dictionary* 895 (1961) (defining "forthwith" as "with dispatch: without delay: within a reasonable time").

Because we hold that the Attorney General and the district judge's actions violate the constitutional prohibition against suspending laws, the August 15, 1988, agreed order is void. We anticipate that the Attorney General will perform his duties under the Open Records Act either by holding that he has made a previous determination regarding professional school employee's transcripts or by forthwith rendering an open records decision. Should the Attorney General fail to do so, a writ of mandamus will issue.

HIGHTOWER, J., not sitting.