

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

March 6, 1997

The Honorable Tim Curry
Tarrant County Criminal District Attorney
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. DM-435

Re: Whether Family Code section 58.001(c) requires a law enforcement agency to destroy all information relating to certain juveniles (RQ-879)

Dear Mr. Curry:

You ask several questions about section 58.001(c) of the Family Code, which requires law enforcement agencies to destroy all information relating to certain juveniles. Title 3 of the Family Code, chapters 51 through 60, comprise the Juvenile Justice Code. Chapter 58 governs records relating to juveniles. Subchapter A relates to records generally, and subchapter B requires the Department of Public Safety ("DPS") to maintain a database for a computerized juvenile justice information system. Fam. Code § 58.102. Juvenile boards are charged with compiling information for the juvenile justice system on the local level. *See id.* § 58.105.

You ask about the requirements of Family Code section 58.001, which is in subchapter A relating to records generally, and provides as follows:

(a) Law enforcement officers or other juvenile justice personnel shall collect information described by Section 58.104 as a part of the juvenile justice information system created under Subchapter B.

(b) The information is available as provided by Subchapter B.

(c) A law enforcement agency may forward information, including photographs and fingerprints relating to a child who has been detained or taken into custody by the agency to [DPS] for inclusion in the juvenile justice information system created under Subchapter B only if the child is referred to juvenile court on or before the 10th day after the date the child is detained or taken into custody. If the child is not referred to juvenile court within that time, the law enforcement agency shall destroy *all information*, including photographs and fingerprints, relating to the child unless the child is placed in a first offender program under Section 52.031 or on informal disposition under Section 52.03. The law enforcement agency may not forward any information to [DPS] relating to the child while the child is in a first offender program under Section 52.031 or on informal disposition under Section 52.03. On

> successful completion by the child of a first offender program under Section 52.031 or informal disposition under Section 52.03, the law enforcement agency shall destroy *all information*, including photographs and fingerprints, relating to the child.    [Emphasis added.]

You are particularly interested in the requirements of subsection (c). The language *of subsection (c) was added in 1995 by the Seventy-fourth Legislature[1] in conference committee.* *See* S.R. 1173, § 18, 74th Leg., R.S. (1995) (suspending Senate Rule 12.03(4) in order to add subsection (c) to section 58.001 in conference committee). Because this language was not considered by the legislature until the very end of the legislative process, we have not been able to find any legislative history that would shed light on the legislature's intent. At any rate, subsection (c) is not ambiguous. It plainly requires a law enforcement agency to destroy all information relating to a child who has been taken into custody created pursuant to that arrest if the child is not referred to juvenile court within ten days, unless the child is placed in a first offender program under Family Code section 52.031 or on informal disposition under Family Code section 52.03. In the event a child is placed in a first offender program or on informal disposition, the law enforcement agency must destroy all information relating to the child created pursuant to that arrest if the child successfully completes the program or informal disposition.

Your first questions focus on the meaning of the phrase "all information" in the second and fourth sentences of subsection (c). First, you state that a juvenile and an adult may be arrested at the same time for the same offense, and that the arrest report will include the names of both individuals. In other cases, two or more juveniles may be arrested and the arrest report will include all their names. In the event the child (or, in the latter case, one of the children) is not referred to juvenile court or successfully completes a first offender program or informal disposition, you ask whether subsection (c) requires a law enforcement agency to destroy the entire arrest report. Subsection (c) speaks in terms of information rather than documents or records. For this reason, we do not believe it requires the destruction of the entire arrest report. The redaction of the report to remove any information identifying the child who was not referred to juvenile court or who successfully completed a first offender program or informal disposition would appear to satisfy subsection (c). We note, however, that section 58.007 requires that law enforcement records and files concerning a child shall "be kept separate from adult files and records." This would appear to require that separate records, including arrest reports, be made for a juvenile arrestee in the first situation you describe.[2] Finally, we stress that

---

[1] *See* Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 53, 1995 Tex. Gen. Laws 2517, 2549-50.

[2] After redacting information relating to the arrest of a juvenile from an adult arrest record, we believe it would be permissible for a law enforcement agency to indicate in the adult arrest record that the adult was arrested with a juvenile, if the identity of the juvenile is not disclosed, or, alternatively, to list the juvenile as a witness to the offense, if there is no indication that the juvenile was arrested. We also note as a general matter that the requirement in Family Code section 58.007 that law enforcement records (footnote continued)

section 58.001(c) requires only the destruction of information relating to a child created pursuant to the arrest. It does not require the destruction of information in the possession of a law enforcement agency pertaining to the child that was not created pursuant to the arrest, such as information in other records or files obtained prior to the arrest not directly related to the arrest.

You ask whether information must be destroyed regardless of its form and if it must be destroyed within a certain time period. Subsection (c) uses the words "all information." It applies to all information discussed above within the possession of the law enforcement agency regardless of its form, including information in computerized form. Subsection (c) does not specify a time period within which information must be destroyed. Section 58.002, however, requires a law enforcement agency to certify that photographs and fingerprints required to be destroyed under section 58.001 have been destroyed at the end of each calendar year. Fam. Code § 58.002(b). Section 58.002 appears to contemplate that photographs and fingerprints must be destroyed before the end of the calendar year in which they are collected. With the exception noted below, we believe that it would be reasonable for a law enforcement agency to use this timetable for the destruction of all other information under section 58.001(c).[3] It would be difficult for a law enforcement agency to justify the retention of information for any greater length of time, given the requirements of section 58.002.

Information relating to a child who has successfully completed a first offender program must be retained for 90 days after the date the child completes the program for the following reason. Section 52.031(j) provides that the case of a child referred for disposition under a first offender program must be referred to juvenile court if "the child completes the program but is taken into custody . . . before the 90th day after the date the child completes the program for conduct other than the conduct for which the child was referred to the first offender program." Id. § 52.031(j)(3). Destruction of all information relating to the child pursuant to section 58.001(c) before the 90th day after the date the child completes the program would impede the enforcement of this requirement. Section 52.031(j) and section 58.001(c) were enacted in the same legislation[4] and must be harmonized if possible. Cf. Gov't Code § 311.025. They can be harmonized by

---

(footnote continued)

and files concerning a child shall "be kept separate from adult files and records" requires that a law enforcement agency must maintain wholly separate filing systems for juveniles and adults, but it does not prohibit information about a juvenile from appearing in an adult record or information about an adult from appearing in a juvenile record.

[3]Cf. Houston Chronicle Publishing Co. v. Mattox, 767 S.W.2d 695, 689 (Tex. 1989) (where statutory provision contained no definite deadlines for attorney general decision, attorney general was required to act within reasonable time and not to delay beyond time needed to reach decision).

[4]See Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 19 (adding Fam. Code § 52.031(j)), § 53 (adding Fam. Code § 58.001(c)), 1995 Tex. Gen. Laws 2517, 2526-27, 2549-50.

construing section 58.001(c) not to require the destruction of information relating to a child who has completed a first offender program before the 90th day after the date the child completes the program.

Next, you ask about the effect of the destruction of information under section 58.001(c) on a law enforcement agency's ability to administer a first offender program. You state that if information

> on a juvenile is destroyed upon completion of a first offender program or informal disposition, there will be no way for the [law enforcement agency] to determine if a child has been [a] first offender or not. In effect, a juvenile could possibly have the option to participate in a first offender program on more than one occasion without the existence of the records to demonstrate to the contrary.

Your question assumes that a child who has successfully completed the first offender program or informal disposition is thereafter ineligible for referral to the first offender program. Section 52.031(d)(1) provides that a law enforcement officer may refer a child to the law enforcement officer or agency designated to process children under the first offender program for disposition under the program if "the child has not previously been adjudicated as having engaged in delinquent conduct." Nothing in section 52.031 (with the exception of the limited circumstances set forth in subsection (j) as discussed above) suggests that a child who has successfully completed the first offender program or informal disposition is ineligible for referral to the first offender program. Section 52.031 is plain on its face. It is within the province of the legislature, not this office, to amend section 52.031 to tighten the eligibility requirements for the first offender program.

Finally, you express concern that the destruction of information under section 58.001(c) will negatively affect various operations of law enforcement agencies.[5] You point out, for example, that the destruction of information could affect law enforcement agencies' ability to evaluate juveniles' continuing contacts with police and to pursue leads in investigations of major crimes. As noted above, section 58.001(c) does not require a law enforcement agency to destroy all information in its possession relating to a juvenile, but rather all information relating to the juvenile created pursuant to the particular arrest. Furthermore, although we understand your concerns about the impact of section 58.001(c), in enacting this provision the legislature appears to have balanced the privacy interests of children and law enforcement interests. It is for the legislature, not this office, to evaluate the effectiveness of this balance and to amend the statute if necessary.

---

[5]You list 11 areas of concern. It is not clear from the items on this list whether you intend to ask about the interaction of section 58.001(c) and other particular statutory requirements or merely to express your concern about the effect of section 58.001(c) on law enforcement operations in general. In the event that you have questions about the implications of section 58.001(c) for particular statutory requirements, please present and brief those questions specifically.

## S U M M A R Y

Family Code section 58.001(c) requires a law enforcement agency to destroy all information relating to a child who has been taken into custody created pursuant to the arrest if the child is not referred to juvenile court within ten days, unless the child is placed in a first offender program or on informal disposition. In the event a child is placed in a first offender program or on informal disposition, the law enforcement agency must destroy all information relating to the child created pursuant to the arrest if the child successfully completes the program or informal disposition.

Subsection (c) requires the destruction of all information relating to a child created pursuant to an arrest in the possession of a law enforcement agency regardless of its form, including information in computerized form. Subsection (c) requires the destruction only of information relating to the child created pursuant to the arrest and does not necessarily require the destruction of entire documents. Family Code section 58.007 requires that law enforcement records and files concerning a child shall "be kept separate from adult files and records." It would be reasonable for a law enforcement agency to destroy information relating to a child created pursuant to an arrest by the end of the calendar year in which it is collected. Information relating to a child who has completed a first offender program, however, must be retained for ninety days after the date the child completes the program.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General