**Opinion issued August 29, 2013**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-12-00050-CV

_____

**CITY OF HOUSTON, Appellant**

**V.**

**RANDALL KALLINEN AND PAUL KUBOSH, Appellees**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-75633**

---

## O P I N I O N

This interlocutory appeal arises from a suit for writ of mandamus brought under the Texas Public Information Act ("TPIA"). Randall Kallinen and Paul Kubosh ("appellees") filed a mandamus suit against the City of Houston ("the City") seeking the public disclosure of various documents requested regarding the

City's red light camera installations. After a series of rulings by the trial court, the City filed a motion for new trial and plea to the jurisdiction. The trial court denied the City's plea to the jurisdiction. In two issues, the City challenges the trial court's orders denying its plea to the jurisdiction and awarding attorney's fees to appellees. We reverse and render.

## Background

In November and December 2008, Kallinen made four requests under the TPIA for release of information regarding a commissioned study on traffic light cameras in Houston. The City released some of the documents but withheld others based upon disclosure exceptions under the Act. The City also requested a decision from the Attorney General regarding whether the TPIA exceptions applied. Before the Attorney General had issued a decision, appellees filed suit in district court on December 26, 2008, seeking a writ of mandamus under the TPIA.[1] Appellees then requested that the Attorney General refrain from making a determination because the issue was a subject of ongoing litigation. The Attorney General did subsequently decline to issue an opinion in order to allow the trial court to decide whether the withheld documents were excepted from disclosure under the TPIA.

---

[1] Appellees also filed a declaratory judgment under the Texas Declaratory Judgment Act ("TDJA"), seeking a declaration that disclosure was required. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.002(b) (West 2008).

On September 14, 2009, appellees filed a motion for partial summary judgment seeking a ruling as to whether the TPIA's exceptions applied to the withheld documents. On October 12, 2009, the trial court granted in part, and denied in part, appellees' summary judgment motion, and ordered the City to disclose some of the withheld documents. On November 16, 2009, appellees filed a motion for entry of judgment and award of attorney's fees and, following a hearing on appellees' attorney's fee claim, the trial court issued a final judgment on October 12, 2011, reiterating its October 12, 2009 ruling and awarding appellees $95,664 jointly in attorney's fees.

On November 10, 2011, the City filed a motion for new trial and plea to the jurisdiction. On January 5, 2012, the trial court granted the City's motion for new trial as to attorney's fees for Kubosh and denied the City's plea to the jurisdiction. On July 12, 2012, the trial court entered a modified final judgment ruling that Kubosh was without standing and awarding him no attorney's fees.

**Standard of Review**

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction which is essential to the authority of a court to decide a case. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). A plea challenging a trial court's jurisdiction is a question of law that is reviewed de novo. *See City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010).

3

The construction of a statute, too, is a question of law which is reviewed de novo. *See Atmos Energy Corp. v. Cities of Allen*, 353 S.W.3d 156, 160 (Tex. 2011). The purpose of interpretation is to arrive at the legislature's intent in creating the statute. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 683 (Tex. 2007). In discerning legislative intent, we consider the plain and common meaning of the statutory language. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). The statute must be read as a whole, giving effect to all— not just isolated—portions. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). Courts also consider the objective the law seeks to obtain. *See* TEX. GOV'T CODE § 311.023(1) (West 2005).

## Discussion

In its first issue, the City contends that the trial court erred in denying its plea to the jurisdiction because, among other reasons, the Attorney General declined to perform his statutory duty to issue a decision on the City's request. Appellees argue that they have a statutory right to file a suit for writ of mandamus against the City because the City refused to release public information.

### A. Applicable Law

The TPIA governs public disclosure of information about the affairs of the government and the official acts of public officials and employees, and it requires the officer for public information of a governmental body to produce public

4

information for inspection or copying on application by any person to the officer. *See* TEX. GOV'T CODE ANN. §§ 552.001, .203, .221(a) (West 2012). A "requestor" is defined as "a person who submits a request to a governmental body for inspection or copies of public information." *Id*. § 552.003(6).

The TPIA also lists numerous exceptions from required disclosure. *See id.* §§ 552.101–.153. Though the act is to be liberally construed in favor of granting requests for information, *id.* § 552.001(b), a governmental body may seek to withhold requested information that it believes falls within one of the statutory exceptions to disclosure. *See id.* §§ 552.101–.153. To do so, the government body must timely request an Attorney General determination (if there has not been a previous determination) and assert which exceptions to disclosure apply to the information requested. *Id.* § 552.301. The TPIA provides that "the attorney general shall promptly render a decision requested . . . determining whether the requested information is within one of the exceptions . . . ." *Id.* § 552.306(a). However, the governmental body may disclose the requested information to the public or to the requestor before the Attorney General—or, if suit is filed under the TPIA, the court with jurisdiction—makes a final determination that the requested information is public, except if the requested information is confidential by law. *See id.* § 552.303(a).

5

The TPIA also provides that the Attorney General and the original requestor may file suit for a writ of mandamus to compel a governmental body to release information to the public "if the governmental body refuses to request an attorney general's decision . . . or refuses to supply public information or information that the attorney general has determined is public information." *Id.* § 552.32(a). If a governmental body does not request an Attorney General decision after receiving a written request for information, the requested information is presumed to be subject to required public disclosure and must be released unless there is a compelling reason to withhold it. *See id.* § 552.302. Further, the TPIA also provides that the only exceptions to required disclosure that the governmental body may raise in such a suit are those that it properly raised before the Attorney General to support its request for a decision as to whether disclosure is required. *See id.* § 552.326(a).

## B. Analysis

The issue before us is whether the TPIA allows a requestor to sue for a writ of mandamus prior to the Attorney General issuing a decision when the governmental body has requested one. The City contends that the TPIA requires the Attorney General to render a decision before a mandamus suit may be filed. Appellees argue that no such requirement has been or should be read into the TPIA.

6

As previously noted, section 552.321(a) sets out three scenarios under which the Attorney General or a requestor may file a mandamus suit. First, if a governmental body fails to request an Attorney General decision in the time permitted, the information is presumed to be open to public disclosure, and the governmental body must release the information. *See id.* § 552.321(a). If it fails to do so, the requestor may file suit for a writ of mandamus. *See id.* Second, if the Attorney General has rendered a decision and the governmental body has failed to comply with the decision, the Attorney General or the requestor may then file suit. *See id.* Finally, either the Attorney General or the requestor may file suit, if the governmental body "refuses to supply public information." *Id.*

Appellees argue that the third scenario applies here. That is, they argue that the City refused to release public information and they were therefore entitled to file a mandamus suit. In support of their argument, appellees point out that the legislature did not qualify the word "refuse" by including exceptions for cases in which the government body has requested an Attorney General ruling.[2] That

---

[2]     Appellees rely on *Thomas v. Cornyn*, 71 S.W.3d 473, 486 (Tex. App.—Austin 2002, no pet.) (noting that mandamus statute "does not qualify the word 'refuse' by including an exception for cases in which the governing body has filed a suit against the attorney general under the Act, and we will not read such an exception into the statute."). That reliance is misplaced. In *Thomas*, the Attorney General had *already* rendered a decision on the nature of the information. According to section 552.324(a)(2), a governmental body may sue for declaratory relief from compliance with an *already issued* decision by the Attorney General. The *Thomas* court correctly determined that the suit for writ of mandamus filed *after* the Attorney General decision and *before* the suit for declaratory relief had been

7

reading, however, is unpersuasive. Though the term "refuse" is not qualified, the term "information" is. *See id.* § 552.321(a) (permitting suit for writ of mandamus where "governmental body refuses to supply *public* information") (emphasis added). Because the TPIA carves out numerous exceptions to disclosure of certain types of information and establishes procedures to determine whether information falls under those exceptions, it is illogical to presume that information is public while its very status is being challenged. Additionally, considering that the statute explicitly states when information is presumed to be public—i.e., if the governmental body has not made an Attorney General request—it does not stand to reason that information should be considered public when a request has been made.

Not only does the statute clearly provide *when* a mandamus suit may be filed, but it is equally clear that the Attorney General must render a decision on the nature of the information in question. The City contends that the TPIA is a comprehensive regulatory scheme under which the Attorney General must issue a decision *before* a mandamus suit may be filed.[3] It argues that because the Attorney

decided was a valid one, pointing to the relevant provision in 552.325(a) allowing a requestor to intervene in such suits. The language that appellees cite from *Thomas* is clearly applicable only to fact patterns involving governmental bodies' suits against the Attorney General, not for suits for writ of mandamus prior to an Attorney General ruling.

[3] An agency has exclusive jurisdiction when it is clear that the legislature instituted a pervasive regulatory scheme meant to be the exclusive means of remedying certain problems targeted by the legislation. *See Subaru of America, Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). If an agency has

General did not issue a decision in this case before appellees filed their suit, the jurisdictional prerequisite for filing suit under section 552.321 was not met. Appellees, citing past Attorney General decisions, contend that the Attorney General may—indeed, must in this case—defer to courts' decisions when certain issues are being litigated.

The Attorney General, however, has already weighed in on this debate: Open Records Decision No. 687 concludes that "in accordance with its legislatively[] mandated function, the Attorney General has a statutory directive to rule on a PIA disclosure question in the first instance in advance of judicial review." Tex. Att'y Gen. OR2011-687. After acknowledging the previous agency decisions cited by appellees in which the agency had declined to issue an opinion when that same question was pending before a court, the Attorney General ruled that "this litigation policy is withdrawn and is no longer applicable to the PIA ruling process." *Id.*

This decision is significant in several ways. First, it notes that the Attorney General may not refuse to fulfill his duty to render open records decisions. *See Hous. Chronicle Publ'g Co. v. Mattox*, 767 S.W.2d 695, 698 (Tex. 1989). Second,

exclusive jurisdiction, a party must exhaust all administrative avenues before asking for judicial review of the agency's action. *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 1999). Otherwise, a trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction. *See Tex. Educ. Agency v. Cypress-Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex. 1992).

9

it points out the 1999 revisions to the TPIA, which expanded the scope of the Attorney General's role. In particular, the decision highlights the addition of section 552.011, which charges the Attorney General with "maintain[ing] uniformity in the application, operation, and interpretation of this chapter." The decision then concludes that the detailed statutory scheme under which the Attorney General's open records ruling process operates, as well as the lack of any language affirmatively directing the Attorney General to decline to issue an open records ruling for the benefit of the public, demonstrate that such Attorney General decisions are, indeed, mandatory. Finally, Open Records Decision No. 687 offers insights into the policy considerations underpinning the Attorney General's expanded role under the statute. Vesting the Attorney General with the role of evaluating requests by governmental bodies to withhold putatively excepted information is both more efficient, avoiding the expense of court action, and more democratic, allowing Texans equal access to information regardless of their ability to secure legal representation. The decision concludes by stating that "there is little to commend a rule that would avoid ruling on a pending question where the Attorney General has not previously spoken." Tex. Att'y Gen. OR2011-687.

We agree with the Attorney General's interpretation.[4] The TPIA is a comprehensive statutory scheme under which "the Attorney General [is] the first arbiter of openness before Texans can be denied access to their government's records." *See* Tex. Att'y Gen. OR2011-687 (noting that, in enacting TPIA, legislature "set[] out a detailed statutory scheme . . . which . . . evidences [its] intention that the Attorney General play a critical, quasi-judicial role when a governmental body wishes to avoid releasing information requested pursuant to the PIA."); *see also Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 121 (Tex. 2011) (Wainwright, J., concurring) (describing TPIA as "comprehensive scheme arming the public with statutory mandates for the government to disclose information . . . ."). Although district courts have subject matter jurisdiction under the TPIA, that jurisdiction only arises after the Attorney General has ruled. *See* TEX. GOV'T CODE ANN. § 552.321(a).

Appellees filed suit for writ of mandamus before the Attorney General issued a ruling on the information that the City sought to withhold. Because

---

[4]  Although not binding authority on appellate courts, we give due consideration to the Attorney General on questions involving the TPIA. *See Holmes v. Morales*, 924 S.W.2d 920, 924 (Tex. 1996) (explaining that Attorney General opinions are "persuasive but not controlling" authority); *City of Lubbock v. Cornyn*, 993 S.W.2d 461, 463 (Tex. App.—Austin 1999, no pet.) (recognizing due consideration to be given Attorney General decisions especially in cases involving TPIA); *City of Hous. v. Hous. Chronicle Publ'g Co.*, 673 S.W.2d 316, 322 (Tex. App.—Houston [1st Dist.] 1984, no writ) ("While opinions of the Attorney General are not binding upon the courts, they should be given great weight.").

11

appellees failed to exhaust their administrative remedies before doing so, the trial court lacked subject matter jurisdiction over their mandamus suit. As such, the trial court erred in denying the City's plea to the jurisdiction. We sustain the City's first issue.

## Conclusion

We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment that appellees' claims against the City are dismissed for want of jurisdiction.

Jim Sharp
Justice

Panel consists of Justices Bland, Sharp, and Massengale.