# IN THE SUPREME COURT OF TEXAS

══════════════
No. 14-0015
══════════════

RANDALL KALLINEN AND PAUL KUBOSH, PETITIONERS,

v.

THE CITY OF HOUSTON, RESPONDENT

═══════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIRST DISTRICT OF TEXAS
═══════════════════════════════════════════════════════════

**PER CURIAM**

The Texas Public Information Act ("PIA"), Chapter 552 of the Texas Government Code, "guarantees access to public information, subject to certain exceptions." *Tex. Dep't Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011). The PIA provides that when a governmental body receives a written request for information for which it wishes to claim an exception, it must timely seek a ruling from the Attorney General if the exception's applicability to the requested information has not previously been determined. TEX. GOV'T CODE § 552.301(a); *see also id*. § 552.301(g). But the PIA also provides that a requestor may sue to compel disclosure of the information. TEX. GOV'T CODE § 552.321(a). In this case, the court of appeals held that a trial court lacks subject matter jurisdiction over such a suit until the Attorney General rules. 414 S.W.3d 815, 820 (Tex. App.—Houston [1st Dist.] 2013). We disagree.

Invoking the PIA, Randall Kallinen requested information from the City of Houston regarding a study of traffic light cameras it had commissioned. The City produced a large number of documents but withheld some and timely asked the Attorney General for an opinion on whether the PIA excepted the withheld information from disclosure. The PIA gives the Attorney General forty-five business days to issue opinions, though the time can be extended. TEX. GOV'T CODE § 552.306(a). But before this time elapsed and before the Attorney General ruled, Kallinen sued for a writ of mandamus to compel the City to disclose the withheld information. The City moved to abate the lawsuit pending the Attorney General's ruling, but the Attorney General closed his file when he was alerted to the suit. At the time, the Attorney General did not interpret the PIA to require an open records ruling on issues already in litigation. *See* Tex. Att'y Gen. OR2011-687 (citing Tex. Att'y Gen. OR1990-560 at 3 (declining to rule on sensitive information on the ground the issues should be resolved in the pending Texas prison litigation), and *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 671 (Tex. 1995) (noting in dicta that the Attorney General withdrew his opinion pending litigation on PIA questions)).

The City filed a plea to the jurisdiction, arguing that the court lacked jurisdiction over the suit until the Attorney General ruled. The district court overruled the plea, granted summary judgment for Kallinen, ordered disclosure of many of the withheld documents, and awarded Kallinen $175,664 in attorney fees through appeal to this Court.

The City complied with the order to disclose but appealed the attorney fee award. The parties agree that the only basis for the trial court's jurisdiction is Section 552.321(a) of the PIA. That

provision, with subsections inserted in brackets for ease of reference, conditions the court's exercise

of jurisdiction as follows:

> A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body **[A]** refuses to request an attorney general's decision . . . or **[B]** refuses to supply **[1]** public information or **[2]** information that the attorney general has determined is public information that is not excepted from disclosure.

TEX. GOV'T CODE § 552.321(a). The parties agree that conditions A and B2 do not apply. The court

of appeals reasoned that condition B1 cannot apply when the governmental body is challenging

whether an exception to disclosure applies because the information has not yet been determined to

be public. 414 S.W.3d at 818. Accepting the City's argument, the court stated that the Attorney

General must determine whether information is subject to disclosure when asked to do so, that he

has exclusive jurisdiction to make that determination in the first instance, that the requestor of

information must exhaust all administrative remedies before suing, and that therefore a trial court's

jurisdiction over a requestor's suit "only arises after the Attorney General has ruled." *Id.* at 818–20.

The City's position is flawed in several respects. First, it equates information that is public

with information that has been determined by the Attorney General to be public, so that condition

B2 swallows up condition B1. This violates a duty of statutory interpretation to "give effect to all

the words of a statute and not treat any statutory language as surplusage if possible." *Chevron Corp.

v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987).

Further, the City's view of Section 552.321(a) would relegate mandamus relief to compelling

a governmental body to request an Attorney General's decision and then comply with it. The

correctness of that decision would be unreviewable. But we have reviewed the Attorney General's

3

rulings.  *See Cox Tex. Newspapers, L.P.*, 343 S.W.3d at 113*; In re City of Georgetown*, 53 S.W.3d 328, 329–36 (Tex. 2001).  And we have interpreted PIA exceptions without a ruling by the Attorney General.  *See City of Garland v. Dall. Morning News*, 22 S.W.3d 351, 358–64 (Tex. 2000); *A & T Consultants, Inc.*, 904 S.W.2d at 671, 674–81.  The court of appeals' interpretation ignores these cases.

The City argues, and the court of appeals held, that requestors of information should be required to exhaust their remedies in placing disputes before the Attorney General before resorting to the courts.  But requestors have no such remedies.  While the Attorney General may invite their arguments, they have no right to request or demand a ruling or disclosure from the Attorney General, and no right to an administrative appeal.  *See* TEX. GOV'T CODE § 552.304.  Requestors cannot be required to finish something they have no right to start.  The requirement that a governmental body seek a ruling from the Attorney General when withholding requested information is a check on the governmental body, not a remedy for the requestor to exhaust.  And again, the City's view of Section 552.321(a) would make the Attorney General's ruling unreviewable.

The City argues that because information is generally "presumed to be subject to required public disclosure" when a governmental body fails to timely request an Attorney General's ruling, TEX. GOV'T CODE § 552.302, the information should not be considered public when a ruling is requested.  But the premise cannot establish its converse.  One may infer from a governmental body's failure to request a ruling that the body is not claiming an exclusion, else it would advance its position in compliance with prescribed procedures.  *See* TEX. GOV'T CODE § 552.301.  One

4

cannot likewise infer that just because a governmental body properly seeks an Attorney General's ruling, its exclusion claim must be correct.

The Attorney General advises in an amicus brief that he does not claim exclusive jurisdiction to decide open records issues. Consistent with that position, at the time of the City's request for a ruling, as noted above, the Attorney General's policy was not to rule on issues in litigation. *See* Tex. Att'y Gen. OR2011-687. In reversing that policy, he does not claim the authority to rule without court review.

A requestor of information certainly has the choice to await the Attorney General's decision. A governmental body may decide to release the requested information during the process and on receipt of an adverse opinion from the Attorney General. Efficiency may counsel patience. But the governmental body is entitled to insist on its position to a final ruling, *see* TEX. GOV'T CODE § 552.324, and a requestor is not required to defer a suit for mandamus.

A court may decide, exercising sound discretion, to abate proceedings to await the Attorney General's ruling. The Attorney General characterizes its authority as akin to primary jurisdiction, a prudential doctrine that applies when an agency is "staffed with experts trained in handling the complex problems in the agency's purview" and there is a benefit to be "derived from [the] agency[] uniformly interpreting its laws, rules, and regulations." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). The Legislature has expressly charged the Attorney General with maintaining "uniformity in the application, operation, and interpretation" of the PIA, TEX. GOV'T CODE § 552.011, and the Office of the Attorney General is experienced in interpreting and applying the subchapter C exceptions. If the court determines that under the circumstances of

5

a particular case a decision from the Attorney General before adjudication of the merits of disclosure would be beneficial and any delay would not impinge on a requestor's right to information, abatement would be within the court's discretion.

The court of appeals erred in dismissing Kallinen's suit for want of jurisdiction. Accordingly, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand to that court for further proceedings in accordance with this opinion. TEX. R. APP. P. 59.1.

Opinion issued: March 20, 2015