# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00196-CV

**John Muir, Appellant**

**v.**

**The University of Texas at Austin, Appellee**

### FROM THE 250TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-006371, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

John Muir appeals the trial court's order granting a plea to the jurisdiction filed by the University of Texas at Austin (the University) and dismissing his suit brought under the Texas Public Information Act (PIA). *See* Tex. Gov't Code § 552.321 (authorizing suit for writ of mandamus to compel governmental body to make information available for public inspection). In its plea, the University asserted that it is protected from lawsuits by sovereign immunity and that Muir had failed to sufficiently plead a claim within the scope of the PIA's waiver of immunity. The University also asserted, in the alternative, that Muir's suit had become moot. Because we conclude that the trial court erred in granting the University's plea on either ground, we will reverse the trial court's order and remand the case for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2021, Muir submitted a request for public information, later organized into five separate requests, to the Marine Sciences Institute in Port Aransas, Texas, which is part

of the University's College of Natural Sciences. In general, the requests sought documents related to a proposed desalination plant in Nueces County, which is the subject of a permit dispute pending in the State Office of Administrative Hearings (SOAH).[1] On September 15, 2021, the University requested a decision from the Office of the Attorney General as to whether it could withhold some documents responsive to Muir's requests on the ground that they are excepted from disclosure under certain provisions of the PIA. *See id.* § 552.301.

On October 25, 2021, after he had not received any responsive documents, Muir filed a petition for writ of mandamus pursuant to Section 552.321(a) of the PIA, seeking to compel the University to disclose the requested information.[2] *See id.* § 552.321. On November 12, 2021, the Attorney General issued its letter ruling, concluding that the University was entitled to withhold or redact certain information but must disclose the remainder of the requested documents. Muir subsequently amended his petition to request that the trial court conduct an *in camera* review of the documents that the University claimed were excepted from disclosure so the court could "make its own determination as to whether [the University is] entitled to withhold any of the requested public documents pursuant to the exemptions they claim apply." *See id.* § 552.3221 ("In Camera Inspection of Information").

---

[1] Specifically, the matter before SOAH concerns an application for a discharge permit for the proposed desalination plant filed by the Port of Corpus Christi Authority of Nueces County. Muir is an attorney with the law firm that represents the Port Authority in the SOAH proceedings.

[2] Muir also brought claims against University employees Robert Davis and James Davis, based on alleged ultra vires conduct, and a claim against the University for breach of contract. Prior to the trial court's ruling on the University's plea, Muir non-suited these claims. Consequently, we will limit our discussion of the underlying facts and procedural history to the portion relevant to Muir's PIA claim, the only claim that is the subject of this appeal.

2

The University filed a plea to the jurisdiction, asserting that Muir had failed to plead a claim within the scope of the PIA's waiver of sovereign immunity. The University later amended its plea to contend that even if the allegations in Muir's petition were sufficient to invoke the court's jurisdiction when the suit was filed, the controversy had become moot because the University had now voluntarily produced all responsive documents other than those it was withholding pursuant to the attorney general's decision. Following a hearing, the trial court granted the plea and dismissed Muir's action with prejudice, without stating specific grounds for its ruling.

**STANDARD OF REVIEW**

Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554-55 (Tex. 2000). A plea to the jurisdiction is a dilatory plea that challenges the trial court's subject-matter jurisdiction without regard to whether the asserted claims have merit. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Whether a trial court has subject-matter jurisdiction is a question of law, and we review a trial court's ruling on a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004).

The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). In a plea to the jurisdiction, a defendant may challenge the sufficiency of the plaintiff's pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When, as here, the defendant's plea to the jurisdiction challenges only the sufficiency of the plaintiff's pleadings, we determine whether the plaintiff has alleged facts that

3

affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. In making this assessment, we construe the plaintiff's pleadings liberally, taking all assertions as true, and look to the plaintiff's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate jurisdiction but do not contain incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff is entitled to a reasonable opportunity to amend its pleadings. *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839 (Tex. 2007). On the other hand, if the plaintiff's pleadings affirmatively negate the existence of jurisdiction, the plea to the jurisdiction may be granted without providing the plaintiff an opportunity to amend. *Miranda*, 133 S.W.3d at 226.

The doctrine of sovereign immunity generally bars suits against the State or its agencies or subdivisions, absent a clear and unambiguous waiver of immunity by the Legislature. *Nazari v. State*, 561 S.W.3d 495, 500 (Tex. 2018). Because immunity from suit implicates a court's subject-matter jurisdiction, it may be properly asserted in a plea to the jurisdiction. *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016). When a government defendant challenges jurisdiction on the basis of immunity, the plaintiff must affirmatively demonstrate the trial court's subject-matter jurisdiction by alleging a valid waiver of immunity. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019).

## DISCUSSION

On appeal, Muir challenges each ground asserted by the University in support of its plea to the jurisdiction, arguing that the trial court erred in concluding that he failed to plead facts establishing a valid waiver of sovereign immunity or, alternatively, in concluding that his

claim for mandamus relief had become moot. We will consider in turn the two potential grounds for the trial court's ruling.

### *Waiver of Sovereign Immunity under the PIA*

The Texas Legislature promulgated the PIA with the express purpose of providing the public "complete information about the affairs of government and the official acts of public officials and employees." *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 293 (Tex. 2011) (quoting Tex. Gov't Code § 552.001(a)). Under the PIA, upon receiving a request for public information, a governmental body must "promptly" produce public information for inspection, duplication, or both. Tex. Gov't Code § 552.221(a). This means that a governmental body must produce public information "as soon as possible under the circumstances," "within a reasonable time, without delay." *Id.*

The PIA broadly defines "public information" as any information that, under a law or ordinance or in connection with the transaction of official business, is collected, assembled, or maintained by a governmental body or for such a body when it owns the information or has a right of access to it. *Id.* § 552.002. The PIA excepts information from public disclosure, however, if it is "considered to be confidential by law, either constitutional, statutory, or by judicial decision." *Id.* § 552.101. In turn, the PIA sets forth numerous statutory exceptions to disclosure, *see id.* §§ 552.101-.162, "embrac[ing] the understanding that the public's right to know is tempered by the individual and other interests at stake in disclosing that information," *Texas Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011). A governmental body that wishes to withhold requested information under an exception must request a determination from the attorney general confirming that the exception

5

applies, unless the attorney general has previously determined that the information falls within a claimed exception. Tex. Gov't Code § 552.301(a); *see id.* §§ 552.101-.162 ("Information Excepted from Required Disclosure").

Section 552.321 of the PIA "waives sovereign immunity for a requestor seeking a writ of mandamus to compel a governmental body to make certain information available for public inspection under certain circumstances." *City of El Paso v. Abbott*, 444 S.W.3d 315, 322 (Tex. App.—Austin 2014, pet. denied). Section 552.321 provides:

> A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection **if the governmental body** [A] refuses to request an attorney general's decision as provided by Subchapter G or [B] **refuses to supply [1] public information** or [2] information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C.

Tex. Gov't Code § 552.321(a) (emphasis added). The parties agree that the jurisdictional issue presented in this case is whether Muir met his burden of affirmatively demonstrating subject-matter jurisdiction by alleging facts sufficient to show that the University was "refus[ing] to supply public information." *See Town of Shady Shores*, 590 S.W.3d at 550.

In support of its contention that Muir's pleadings fail to allege facts sufficient to demonstrate a claim within Section 552.321(a)'s waiver of immunity, the University relies on an opinion from this Court, *City of El Paso*, 444 S.W.3d at 324. In that case, which was a suit brought under Section 552.321(a), we examined whether the trial court erred in denying a plea to the jurisdiction based on immunity where the governmental defendant, the City of El Paso, presented evidence showing that it "had searched extensively for responsive documents, officially requested responsive documents from the individuals named in the request, and then ultimately produced to [the Requestor] all the documents that it had been able to locate and

6

obtain." *Id.* at 324-25. In analyzing the import of the City's jurisdictional evidence, we first considered the use of the term "refuse" in the "refuses to supply public information" portion of Section 552.321(a) and determined that "under the plain language of section 552.321's waiver of sovereign immunity, a requestor must show that the governmental body is 'unwilling' to supply information." *Id.* at 324. Because the City's jurisdictional evidence established that it was willing to supply the requested information and, to the extent it could, had actually done so, and because the petitioner failed to raise a fact issue on that point, we concluded that the trial court lacked subject-matter jurisdiction over the requestor's mandamus claim and should have granted the City's plea. *Id.* at 325, 327.

Here, the University argues that based on our decision in *City of El Paso* and, more specifically, on our discussion of the meaning of the term "refuses," Muir was required to plead facts demonstrating that the University was unwilling to supply the requested information in order to fall within the scope of Section 552.321's waiver of immunity. The University asserts that not only did Muir fail to meet this pleading burden but that the factual allegations in Muir's pleadings affirmatively negate jurisdiction because they show that the University was actually willing to produce "the admittedly public documents." Based on our review of Muir's pleadings, we disagree.

In his pleadings, Muir alleges that he initially received two letters from the University in which its Open Records Coordinator responded to the PIA request by informing Muir that, upon receipt of the required deposit, the University "estimates it will take approximately ten business days to produce all of the requested information" in response to one of his requests and forty-five business days to produce all of the requested information in response to the remaining four requests. *See* Tex. Gov't Code § 552.263 (providing that officer

7

for public information may, under certain circumstances, "require a deposit or bond for payment of anticipated costs for the preparation of a copy of public information"). As requested, Muir delivered the required deposits by mail on August 20, 2021.

Muir further alleges that the University imposed at least two additional delays in releasing the public documents. On September 15, 2021, the University requested an opinion from the Office of the Attorney General as to whether some documents responsive to Muir's requests could be withheld on the ground they are excepted from disclosure under Subchapter C. *See id.* §§ 552.101, .107, .111, .1235; *see also* Tex. Educ. Code § 51.914 (relating to confidential information). On November 12, 2021, the Attorney General issued its decision, concluding that the University was entitled to withhold or redact certain information but that it must disclose the remainder of the requested documents. Nevertheless, on November 17, 2021, the date that the University had stated it would release the non-excepted responsive documents, the Open Records Coordinator notified Muir that the University would not release the documents until January 18, 2022. As a result of these delays, which totaled more than 180 days as of the date Muir's request was first delivered, Muir's petition alleged that "this failure to release these admittedly public documents demonstrates refusal by the Respondents under PIA § 552.321(a)."

In sum, Muir's factual allegations, taken as true and liberally construed, demonstrate that he requested certain public information from the University and that instead of complying with the request, the University took actions that resulted in a failure to produce the information for "more than 180 days (so far) from [his] original request." Among other things, Muir's petition alleged that the University stated on multiple occasions that it would produce responsive documents on a date certain and then postponed production. In addition, the petition

8

alleged that the University withheld some public information otherwise responsive to Muir's PIA request on the ground that the information is excepted from disclosure.

By seeking an attorney general's decision that it could decline to produce some of the requested material and then withholding some of the material based on that decision, the University was refusing to supply that portion of the public information. *See Kallinen v. City of Houston*, 462 S.W.3d 25, 29 (Tex. 2015) (per curiam). Muir contends, and we agree, that these undisputed allegations—that the University has repeatedly delayed the release of some public information responsive to Muir's PIA request and that it is continuing to withhold other public information on the ground that it is excepted from disclosure—are sufficient to "demonstrate a refusal by [the University] under PIA [Section] 552.321(a)." In addition, we disagree with the University's suggestion that the written statements made by the University affirmatively committing to the production of responsive, non-excepted public information conclusively establish that the University was willing to supply public information and that it was not "refus[ing] to supply public information." Accordingly, we conclude that Muir has alleged facts sufficient to establish a valid waiver of immunity under the PIA.

In reaching this conclusion, we reject the University's assertion that Muir's allegations—that the University withheld documents as being excepted from disclosure—are insufficient to demonstrate that it is "refus[ing] to supply public information." The Texas Supreme Court has held that a requestor may bring a suit for mandamus relief under Section 552.321(a)—specifically, under its "refuses to supply public information" provision—when a governmental body withholds responsive information and asks the Attorney General for an opinion as to whether the withheld information is excepted from disclosure under the PIA. *See Kallinen*, 462 S.W.3d at 29. Moreover, while the requestor may wait to file its suit for

9

mandamus to compel the disclosure of the requested information until the Attorney General issues a decision, it is not required to do so in order to invoke the trial court's subject-matter jurisdiction under Section 552.321(a). *Id.* at 28.

Nevertheless, the University asserts that Muir's allegations regarding the University's withholding of documents are insufficient to demonstrate subject-matter jurisdiction because (1) he does not specifically allege that the withheld documents are "public information" or that they are "not excepted from disclosure," and (2) in effect, he is only asking the trial court to "double-check[] to see if [the University] made any mistakes in the applying" of the Attorney General's decision.

We do not construe Muir's pleadings as narrowly as the University urges. Although Muir does not explicitly allege that the withheld documents are "public information" and "not excepted from disclosure," he does allege that his requests to the University constitute requests for public information. Assuming, as we must, that Muir's allegations are true, any documents responsive to his requests would necessarily constitute "public information," including any responsive documents that the University claims are excepted from disclosure. In addition, Muir's petition asks the trial court to review any decision by the Attorney General and "make its own determination as to whether [the University is] *entitled to withhold* any of the requested public documents pursuant to the exemptions they claim apply."**[3]** (Emphasis added.) Muir's factual allegations, liberally construed and taken as true, show that the University is

---

[3] In *Kallinen v. City of Houston*, the supreme court pointed out that, in the past, it has reviewed the correctness of attorney general decisions in suits brought under Section 552.332(a), 462 S.W.3d 25, 29 (Tex. 2015) (per curiam) (citing *Texas Dep't of Pub. Safety v. Cox Newspapers, L.P.,* 343 S.W.3d 112, 113 (Tex. 2011), and *In re City of Georgetown*, 53 S.W.3d 328, 329-36 (Tex. 2001)). The court explained that "[t]he requirement that a governmental body seek a ruling from the Attorney General when withholding requested information is a check on the governmental body, not a remedy for the requestor to exhaust." *Id.* at 29.

withholding public information that is otherwise responsive to his PIA requests, which is sufficient to demonstrate a waiver of immunity under the "refuses to supply public information" provision in Section 552.321(a).

Because Muir sufficiently pleaded facts affirmatively demonstrating a waiver of immunity under Section 552.321(a) of the PIA, the trial court erred to the extent that it concluded that Muir's suit was barred by sovereign immunity.

### *Mootness*

Next, we consider whether the trial court erred to the extent it granted the University's plea to the jurisdiction based on its alternative argument that the case had become moot.

Courts lack subject-matter jurisdiction to decide moot controversies. *In re Guardianship of Fairley*, 650 S.W.3d 372, 379 (Tex. 2022). The mootness doctrine is rooted in the separation-of-powers doctrine that prohibits courts from rendering advisory opinions. *Id.* (citing Tex. Const. art. II., § 1). A case becomes moot when a live controversy no longer exists or the parties have no legally cognizable interest in the outcome. *City of Krum v. Rice*, 543 S.W.3d 747, 749 (Tex. 2017) (per curiam).

In its amended plea, the University asserted that between December 2021 and January 2022, it voluntarily produced 1,233 documents responsive to Muir's PIA requests. According to the University, these documents represent all public information responsive to Muir's request except those documents it continues to withhold pursuant to the Attorney General's decision. The University argued that this voluntary production of documents establishes that the controversy has become moot.

11

A claim for mandamus relief under Section 552.321 becomes moot when the governmental body releases the requested information that is the subject of the action. *Gates v. Texas Dep't of Fam. & Protective Servs.*, No. 03-15-00631-CV, 2016 WL 3521888, at \*5 (Tex. App.—Austin June 23, 2016, pet. denied) (mem. op.) (discussing *City of El Paso*, 444 S.W.3d at 324-325; *Texas State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 704, 709 (Tex. App.—Austin 2013, no pet.)); *see also City of Georgetown v. Putnam*, 646 S.W.3d 61, 72 (Tex. App.—El Paso 2022, pet. denied) ("Courts have uniformly held that a plaintiff's claims for both injunctive and declaratory relief under the PIA are rendered moot upon the governmental body's release of the requested information to the plaintiff." (collecting cases)). In other words, the governmental body's release of *all* the requested information in its possession or under its control "obviate[s] any justiciable controversy" regarding the requestor's entitlement to mandamus relief, regardless of the governmental body's "motives or delay in refusing to release information [sooner]." *Gates*, 2016 WL 3521888, at \*5. As previously discussed, Muir's suit for mandamus relief is based in part on the University's continued withholding of responsive documents that it contends are excepted from disclosure under various statutory exceptions in the PIA. Because there is no dispute that the University has not produced these responsive documents to Muir, a live controversy remains as to whether the documents are excepted from disclosure and therefore may be properly withheld. We conclude that the trial court erred to the extent it concluded that Muir's suit for mandamus relief was moot.

## CONCLUSION

Because we conclude that the trial court erred in granting the University's plea to the jurisdiction, we reverse the order of the trial court and remand the case to that court for further proceedings.

_____

J. Woodfin Jones, Justice

Before Justices Baker, Theofanis, and Jones[*]

Reversed and Remanded

Filed: June 22, 2023

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).