Svetlana B. POPLIN, Appellant,

v.

AMERISURE MUTUAL INSURANCE COMPANY, Appellee.

No. 14–09–00222–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 2010.

Rehearing Overruled Oct. 21, 2010.

---

Dan Hennigan, Houston, for appellant.

Scot A. Schwartzberg, Joy Marie Brennan, Houston, for appellee.

Panel consists of Justices FROST, BOYCE, and SULLIVAN.

## OPINION

KEM THOMPSON FROST, Justice.

In this case, we determine whether the Texas Labor Code's requirement that a party seeking judicial review of a final decision of the Texas Workers' Compensation Commission must "serve any opposing party to the suit" compels service by citation. A widow appeals a take-nothing judgment in favor of an insurance carrier in her suit for judicial review of the denial of workers' compensation benefits in connection with her husband's death. The trial court granted summary judgment on the basis that the widow was time-barred from seeking judicial review because she failed to follow the procedures of the Texas Labor Code in serving the insurance carrier—procedures the trial court implicitly found required service by citation. Concluding the statute does not require service by citation, we reverse and remand.

### BACKGROUND

Appellant Svetlana B. Poplin, the plaintiff below, filed a petition with the trial court for judicial review of an order by an appeals panel of the Texas Workers' Compensation Commission denying Poplin ben-

efits in connection with her husband's death. Appellee Amerisure Mutual Insurance Company, the defendant below, entered a general denial and asserted that Poplin's claims were time-barred.

Amerisure filed a traditional motion for summary judgment. According to the motion and the attached evidence, a case hearing officer from the Texas Workers' Compensation Commission rendered a decision that Amerisure was not liable to Poplin for compensation benefits because Poplin's husband's death was caused by a non-compensable injury, a heart attack. An appeals panel with the Texas Workers' Compensation Commission issued a final order affirming the hearing officer's decision.

In its summary-judgment motion, Amerisure claimed that under the Labor Code, a party seeking judicial review of the appeals panel's decision must not only timely file a petition with the trial court but also must effect service of citation upon the opposing party within forty days of the appeals panel's decision. *See* TEX. LAB. CODE ANN. §§ 410.252–253 (Vernon 2006). Amerisure argued that although Poplin timely filed suit for judicial review in the county court at law and simultaneously sent a copy of the suit to opposing counsel, Poplin did not effect service by citation upon Amerisure. Amerisure attached evidence reflecting an address for its registered agent for service of process and an affidavit from the agent, stating that she never received any citation, process, or a waiver of citation for Poplin's petition for judicial review. Amerisure claimed that without service of citation, Poplin's petition for judicial review was not timely and the Texas Workers' Compensation Commission's decision thus became final as a matter of law.

In response, Poplin argued she was not required to effect service of citation and that she only needed to serve Amerisure with a copy of her petition. Poplin attached an affidavit and letter from Poplin's attorney as well as a certified mail return receipt signature card (commonly known as a "green card") as evidence of service on Amerisure's attorney of record, to whom Poplin had mailed a copy of the petition for judicial review. The letter to Amerisure's attorney sent by certified mail and the corresponding green card show the petition was mailed on the same date the petition was filed in the county court at law.

Poplin also claimed that because Amerisure had filed an original answer to her petition, under the Texas Rules of Civil Procedure there was no requirement that citation be served, and Amerisure therefore had waived any challenge to the purported lack of proper service.

The trial court granted summary judgment in favor of Amerisure. Under a single appellate issue, Poplin argues her suit for judicial review was not statutorily barred based on the failure to serve Amerisure with citation and that the trial court erred in granting summary judgment in favor of Amerisure on this basis.

## STANDARD OF REVIEW

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc.*

*v. Tamez,* 206 S.W.3d 572, 582 (Tex.2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 755 (Tex.2007).

### ANALYSIS

■ Chapter 410, subchapter F of the Texas Labor Code, entitled "Judicial Review,"[1] governs judicial review of workers' compensation claims. *See* TEX. LAB.CODE ANN. §§ 410.251–.258 (Vernon 2006); *Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 960 (Tex.1999) (per curiam). After exhaustion of administrative remedies, a party may seek judicial review of a final decision of an appeals panel of the Texas Workers' Compensation Commission. TEX. LAB.CODE ANN. § 410.251; *see Albertson's, Inc.,* 984 S.W.2d at 960. The parties do not dispute that Poplin timely filed her petition in the county court at law. *See* TEX. LAB.CODE ANN. § 410.252 (setting forth time period for filing petition). They dispute whether Amerisure was properly served in accordance with section 410.253. The trial court's summary judgment was implicitly based on a conclusion that Poplin failed to properly serve Amerisure under section 410.253 and that this failure bars Poplin's suit for judicial review. We presume for the sake of argument that if Amerisure was not properly served, Poplin's suit would be barred. Thus, the issue before us is whether Amerisure was served in accordance with section 410.253.

Section 410.253, entitled "Service; Notice," states in its entirety:

. (a) A party seeking judicial review shall simultaneously:

    (1) file a copy of the party's petition with the court;

    (2) serve any opposing party to the suit; and

    (3) provide written notice of the suit or notice of appeal to the division.

(b) A party may not seek judicial review under section 410.251 unless the party has provided written notice of the suit to the division as required by this section.

TEX. LAB.CODE ANN. § 410.253. Poplin asserts that service of a copy of the petition by certified mail on any opposing party to the suit is sufficient to satisfy section 410.253(a)(2). Poplin presented summary-judgment evidence proving that she served a copy of her petition on Amerisure's attorney of record by certified mail on the same day she filed her petition in the trial court.

Amerisure's entire argument is premised on the notion that the statute requires service of citation upon any opposing party and that service of only the petition by certified mail fails to comply with the statute's requirements. Amerisure argues that Poplin's failure to take any steps to have Amerisure served with citation bars her suit. Thus, we consider whether the requirement in section 410.253(a)(2) that a party seeking judicial review "serve any opposing party" means that the party must have the opposing parties served with citation.

■ We review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth,* 774 S.W.2d 653, 655–56 (Tex.1989). In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). If possible, we must ascertain that intent from the language the Legislature used in

---

**1.** Unless otherwise specified, all references to "chapter" or "section" pertain to the Texas Labor Code.

the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id.*

First we note that, as to workers' compensation proceedings initiated before September 1, 2003, section 410.253 read as follows:

> A copy of the petition shall be simultaneously filed with the court and the commission and served on any opposing party.

Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1209 (amended 2003, 2005) (hereinafter "pre–2003 version of section 410.253"). The Texas Administrative Procedure Act provides that a person seeking judicial review of the decision of a state agency must file a petition and, unless otherwise provided by statute, "a copy of the petition must be served on the state agency and each party of record in the proceedings before the state agency." TEX. GOV'T CODE ANN. § 2001.176(a), (b) (Vernon 2008). The Supreme Court of Texas has held that, under section 2001.176 of the Government Code, the person seeking review need only serve copies of the petition and that service of citation is not required. *See Tex. Natural Res. Conservation Comm'n v. Sierra Club,* 70 S.W.3d 809, 814 (Tex.2002). The pre–2003 version of section 410.253 was substantially similar to section 2001.176(b)(2), requiring that a "copy of the petition shall be ... served on any opposing party." Act of May 12, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws at 1209. Therefore, the *Sierra Club* precedent supports a conclusion that the pre–2003 ver-

sion of section 410.253 did not require service of citation. *See Sierra Club,* 70 S.W.3d at 814.

The case that we decide today is governed by the current version of section 410.253. We have found no cases addressing whether this statute requires service of citation on opposing parties. Unlike the pre–2003 version of section 410.253 and section 2001.176 of the Government Code, the current version of section 410.253 does not specify that a copy of the petition must be served. *See* TEX. LAB.CODE ANN. § 410.253. Nor does the current version of section 410.253 state that citation must be served. *See id.* The statute is silent as to what is to be served on opposing parties. *See id.*

Significantly, a party to a lawsuit may not himself serve citation in that suit. *See* TEX.R. CIV. P. 103 (stating who may serve process, including citation, and stating that "no person who is a party to or interested in the outcome of a suit may serve any process in that suit"); *Kennedy v. Gutierrez,* No. 09–09–00373–CV, 2010 WL 1930939, at *3 (Tex.App.-Beaumont May 13, 2010, no pet.) (mem. op.) (holding that plaintiff could not serve citation on defendants). Thus, statutes that explicitly require service of citation in judicial review suits do not state that the party seeking review must serve the citation. *See* TEX. EDUC.CODE ANN. § 7.057(d) (Vernon 2006) (requiring service with citation for appeal of an agency decision); *id.* § 1001.461 (Vernon 2009) (requiring service with citation for judicial review of disciplinary action); TEX. FAM.CODE ANN. § 160.422(d) (Vernon 2008) (pertaining to certificate of search of registry and requiring service with citation); TEX. HEALTH & SAFETY CODE ANN. § 361.321(c) (Vernon 2010) (involving petition for judicial review under Solid Waste Disposal Act and requiring service of citation); TEX. WATER CODE ANN. § 5.357 (Vernon 2008) (requiring service with cita-

tion in suits against agency). However, under section 410.253, the party seeking judicial review must "serve any opposing party to the suit." TEX. LAB.CODE ANN. § 410.253.

Under the Texas Administrative Procedure Act's default rule for a party seeking judicial review, the party must serve a copy of his petition on opposing parties, with no requirement that the opposing parties be served with process. *See* TEX. GOV'T CODE ANN. § 2001.176(a), (b). The Texas Legislature is free to require service of citation on opposing parties under a particular judicial-review procedure, and in some instances, the Texas Legislature has done so. *See* TEX. EDUC.CODE ANN. §§ 7.057(d), § 1001.461; TEX. FAM.CODE ANN. § 160.422(d); TEX. HEALTH & SAFETY CODE ANN. § 361.321(c); TEX. WATER CODE ANN. § 5.357. Under section 410.253, the Texas Legislature did not state that citation must be served on the opposing parties, and the parties whom the Texas Legislature requires to "serve" opposing parties are parties who cannot serve citation. *See* TEX.R. CIV. P. 103; *Kennedy,* 2010 WL 1930939, at *3. We conclude that, under the plain meaning of section 410.253, Poplin was not required to serve Amerisure with citation or to have Amerisure served with citation.

## CONCLUSION

Poplin's summary-judgment evidence shows that Poplin served Amerisure with a copy of her petition by certified mail on the same day that she filed her petition. This service is all that section 410.253(a)(2) requires. Service of citation upon Amerisure was not required, and Poplin's failure to have citation served on Amerisure does not make her petition for judicial review untimely. Therefore, Amerisure did not prove as a matter of law that Poplin failed to properly serve Amerisure under section 410.253, and the trial court erred in granting summary judgment. Accordingly, we sustain Poplin's sole issue, reverse the trial court's judgment, and remand this cause to the trial court for further proceedings consistent with this opinion.