**Reversed and Remanded and Opinion filed October 27, 2011.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-10-01046-CV

---

## LOUIS TAYLOR GUTHRIE AND MARCUS STAUDT, Appellants

## V.

## ADRIAN GARCIA, SHERIFF OF HARRIS COUNTY, TEXAS, Appellee

---

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 2010-28404**

---

## OPINION

Two individuals sought mandamus relief against a sheriff in his official capacity under Texas Government Code section 552.321. Though the individuals did not seek relief against the county that the sheriff serves, the individuals had the county served with a copy of their petition. The trial court granted the sheriff's summary-judgment motion, in which the sheriff asserted that the claims against him were redundant of the claims against the county. Because the individuals did not seek relief against the county and because the Supreme Court of Texas has held that the proper party against whom mandamus should be sought under section 552.321 is the officer for public information rather than the governmental body served by that officer, we reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants Louis Taylor Guthrie and Marcus Staudt (hereinafter collectively the "Requestors") filed suit in the trial court seeking mandamus relief against appellee Adrian Garcia, in his official capacity as Sheriff of Harris County, Texas (hereinafter the "Sheriff"). The Requestors sought writs of mandamus compelling the Sheriff to make available to the public various categories of allegedly public information. The Requestors alleged that the Sheriff is the officer for public information regarding the information that is the basis of their requested mandamus relief. *See* TEX. GOV'T CODE ANN. § 552.201(b) (West 2004) ("each elected county officer is the officer for public information . . . of the information created or received by that county officer's office"). The Requestors sought only mandamus relief against the Sheriff under Texas Government Code section 552.321, part of the Texas Public Information Act. The Requestors did not seek any relief against Harris County, nor did they state in their petition that Harris County was a defendant or respondent. Nonetheless, for reasons not clear from the record, the Requestors had Harris County served with a copy of their petition. The Sheriff and Harris County each filed an answer.

The Sheriff then filed a motion for summary judgment asserting a single ground— that the claims against the Sheriff were redundant of the claims against Harris County. The trial court granted this motion and dismissed all claims against the Sheriff. The Requestors nonsuited any claims they had against Harris County. On appeal, the Requestors assert that the trial court erred in granting summary judgment.

## II. ANALYSIS

This court can only affirm the trial court's summary judgment based upon a ground asserted in the Sheriff's summary-judgment motion. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993). In his motion, the Sheriff asserted only that, because a suit against a governmental official in his official capacity is the same as a suit against the governmental entity he serves, an official-capacity suit against the government official is

2

redundant and unnecessary when the plaintiffs also have sued the governmental entity. Under this ground, the Sheriff does not argue that, as a matter of law, the Requestors could not obtain mandamus relief against the Sheriff under Texas Government Code section 552.321 if they had sued only the Sheriff.[1] Instead, the Sheriff argues that seeking mandamus relief against the Sheriff is redundant of the Requestors' claims for mandamus relief against Harris County.

Significantly, no redundancy was possible in the case under review because the Requestors sought mandamus relief only against the Sheriff. Throughout their live petition, the Requestors sought relief only against "Adrian Garcia, Sheriff of Harris County, Texas" or against "Respondent Garcia." In their live petition, the Requestors sought no relief against Harris County, nor did they state that Harris County was a respondent or defendant. The only other mention of Harris County in the petition, other than in the titles of Harris County officials or in specifying the suit's venue, is as follows: "Harris County, Texas may be served by and through the Harris County Judge, the Honorable Ed Emmett, [address and contact information for Judge Emmett]." The record reflects that a copy of the petition was served on Judge Emmett. We presume for the sake of argument that Harris County was a defendant or respondent in the case under review.

In support of his sole summary-judgment ground, the Sheriff relied upon various cases in which a plaintiff asserted damage claims against both a governmental entity and an employee of that entity in his official capacity. *See, e.g., Walston v. City of Port Neches*, 980 F. Supp. 872, 878 (E.D. Tex. 1997) (holding that 42 U.S.C. § 1983 suit against police chief in his official capacity was redundant and unnecessary because plaintiff had also asserted these claims against the city which employed him and which would pay any judgment against the police chief). Even if Harris County were a defendant in the case under review, the Requestors sought no relief against Harris County. The cases upon which the Sheriff relies are not on point because in those cases the plaintiff sought relief against

---

[1] All statutory references in this opinion are to the Texas Government Code, unless otherwise specified.

both the governmental entity and its employee. *See id.* In the case under review, the Requestors sought relief only against the Sheriff, so the Sheriff's redundancy argument lacks merit.

Additionally, the cases cited by the Sheriff are not on point because those cases involve damage claims rather than claims for mandamus relief under section 552.321. *See id.* In the case under review, the Requestors did not seek damages; rather, they sought mandamus relief. Generally, asserting a particular claim against a governmental official in his official capacity is the same as asserting that claim against the governmental entity with which the official is affiliated. *See Winogard v. Clear Lake City Water Auth.*, 811 S.W.3d 147, 161–62 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Nonetheless, courts have recognized a distinction between suing the governmental entity and suing the official in his official capacity in cases involving nonmonetary relief. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–76 (Tex. 2009) (concluding that governmental immunity under Texas law bars ultra vires suits for injunctive relief against governmental entities but not against officials who work for these entities in their official capacities); *Tex. Dep't of Transp. v. Esters*, 343 S.W.3d 226, 231–33 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that Eleventh Amendment immunity bars equitable relief under *Ex parte Young*, 209 U.S. 123 (1908) and its progeny against a state agency but not against officials of that state agency in their official capacities).

In a case in which the Supreme Court of Texas granted mandamus relief under section 552.321, our high court noted that mandamus claims against a governmental body generally would be equivalent to mandamus claims against that body's public information officer. [2] *See A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 681 (Tex. 1995). Nonetheless, our high court held that the "proper party" against whom mandamus should be

---

[2] The version of chapter 552 applicable in *A & T Consultants* used the term "officer for public records" rather than "officer for public information," but the relevant statutes were substantially similar to the version of chapter 552 applicable to the case under review. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1035, §§ 2,14,15,24, 1995 Tex. Gen. Laws 5127, 5128, 5133–34, 5140; *A & T Consultants, Inc.*, 904 S.W.2d at 672–73.

sought under section 552.321 is the officer for public information rather than the governmental body.[3] *See id.* at 672–73, 681.  The supreme court based its conclusion upon the duty that the officer for public information has to make public information available under sections 552.203 and 552.221(a).  *See id*.; TEX. GOV'T CODE ANN. § 552.203 (West 2004) ("each officer for public information . . . shall . . . make public information available for public inspection and copying"); TEX. GOV'T CODE ANN. § 552.221(a) (West 2004) ("an officer for public information of a governmental body shall promptly produce public information for inspection, duplication, or both on application by any person to the officer").  Therefore, even if the Requestors had sought mandamus relief against both the Sheriff and Harris County and even if doing so meant that one of these claims must fail as a matter of law, we conclude that the claims against Harris County would fail as a matter of law, based upon our high court's opinion in *A & T Consultants, Inc.  See* 904 S.W.2d at 672–73, 681.

Under the familiar standard of review for traditional summary-judgment motions, we conclude that the Sheriff's only summary-judgment ground lacks merit.  *See Poplin v. Amerisure Mut. Ins. Co.*, 321 S.W.3d 909, 911–12 (Tex. App.—Houston [14th Dist.] 2010, pet. denied).  Accordingly, we sustain the Requestors' appellate issue, reverse the trial court's judgment, and remand for further proceedings consistent with this opinion.


/s/      Kem Thompson Frost
Justice


Panel consists of Justices Frost, Jamison, and McCally.

---

[3] The dissenting justices in *A & T Consultants, Inc.* asserted that the Texas Legislature provides for mandamus relief under section 552.321 against only a "governmental body," a term defined to include only entities and not individuals or officials.  *See* TEX. GOV'T CODE ANN. §§ 552.003(1), 552.321(a) (West 2004); *A & T Consultants, Inc.*, 904 S.W.2d at 683–85 (Hecht, J., dissenting).