**Reversed and Rendered and Majority and Concurring Opinions filed October 15, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00823-CV

**TEXAS TRANSPORTATION COMMISSION AND TED HOUGHTON, IN HIS OFFICIAL CAPACITY AS CHAIR OF THE TEXAS TRANSPORTATION COMMISSION, Appellants**

**V.**

**CITY OF JERSEY VILLAGE, Appellee**

**On Appeal from the 165th District Court
Harris County, Texas
Trial Court Cause No. 2012-59338**

## CONCURRING OPINION

Appellee/plaintiff City of Jersey Village filed suit against the Texas Transportation Commission and its chair. Under a liberal construction of the City's live petition, the City did not assert any *ultra vires* claims; rather, the City sought declaratory relief construing certain provisions of Texas Transportation Code section 203.092, as applied to the City. Because sovereign immunity bars

the City's declaratory-judgment claims, the trial court should have sustained the defendants' plea to the jurisdiction.

## Waiver of Sovereign Immunity in the Declaratory Judgments Act

Sovereign immunity and governmental immunity[1] are common-law doctrines that initially developed without any legislative or constitutional enactment.[2] Sovereign immunity encompasses immunity from suit and immunity from liability.[3] Immunity from suit bars a suit unless the state has consented, and immunity from liability protects the state from judgments even if it has consented to the suit.[4] Absent a waiver or exception, sovereign immunity protects governmental entities from lawsuits for money damages and also from claims for declaratory or injunctive relief.[5] Sovereign immunity from suit deprives a trial court of subject-matter jurisdiction.[6]

Though there is no constitutional or statutory provision requiring that the Legislature be the source of all waivers of sovereign immunity, Texas courts traditionally have deferred to the Legislature to waive sovereign immunity because the Legislature is better suited to address the conflicting policy issues involved.[7] Nonetheless, in the absence of a statute conferring sovereign immunity, Texas courts still have the power to find waivers or exceptions to the common-law

---

[1]For ease of reference, all future references to "sovereign immunity" will include both sovereign immunity and governmental immunity. *See Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 n.1 (Tex. 2006).

[2]*See Reata Const. Corp.*, 197 S.W.3d at 374.

[3]*Id.*

[4]*Id.*

[5]*See id.*; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 380 (Tex. 2009).

[6]*Reata Const. Corp.*, 197 S.W.3d at 374.

[7]*See Travis Centr. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 58 (Tex. 2011); *Reata Const. Corp.*, 197 S.W.3d at 375.

doctrine of sovereign immunity, even if there is no statute establishing the waiver or exception.[8] Thus, for there to be a waiver of sovereign immunity from suit, in most casesthe Legislature must have waived immunity from suit as to the claim in question.[9] Both at common law and by statute, for a statute to provide a waiver of sovereign immunity, the waiver must be effected by clear and unambiguous statutory language.[10]

Under the Texas Declaratory Judgments Act, the Legislature provides that "[a] person . . . whose rights, status, or other legal relations are affected by a statute, municipal ordinance, . . . or franchise may have determined any question of construction or validity arising under the . . . statute, ordinance, . . . or franchise and obtain a declaration of rights, status, or other legal relations thereunder."[11] Thus, the Legislature provides, among other relief, that a party may seek a declaratory judgment regarding the construction of a statute or the validity of a statute.[12] When declaratory relief is sought, all "persons" who have or claim any interest that would be affected by the declaration must be made parties.[13] But, the term "person" as used in the Texas Declaratory Judgments Act does not expressly include any governmental entities, other than municipal corporations.[14] The only provision of the statute that appears to contain an express waiver of sovereign

---

[8] *See, e.g., Reata Const. Corp.*, 197 S.W.3d at 374–77 (finding an exception to a governmental entity's sovereign immunity in the absence of a statute establishing this exception).

[9] *See Travis Centr. Appraisal Dist.*, 342 S.W.3d at 58; *Gatesco, Q.M., Ltd. v. City of Houston*, 333 S.W.3d 338, 347 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

[10] *See* Tex. Gov't Code Ann. § 311.034 (West 2013); *Travis Centr. Appraisal Dist.*, 342 S.W.3d at 58; *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994).

[11] Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 2015).

[12] *See id*.

[13] Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a) (West 2015).

[14] Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a) (stating that "[i]n this chapter, 'person' means an individual, partnership, joint-stock company, unincorporated association or society, or municipal or other corporation of any character").

3

immunity as to Texas governmental entities[15] provides as follows:

> In any proceeding **that involves the validity of a municipal ordinance or franchise**, the **municipality** must be made a party and is entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state must also be served with a copy of the proceeding and is entitled to be heard.[16]

Arguably, the only clear and unambiguous waiver of sovereign immunity in this statute is a waiver of the sovereign immunity of municipalities in any declaratory-judgment action involving the validity of a municipal ordinance or franchise.[17] Nonetheless, in the *Leeper* case, the Supreme Court of Texas concluded that the Texas Declaratory Judgments Act waived sovereign immunity as to governmental entities that were not municipalities in a case involving declaratory relief regarding the construction of a statute. The high court based its decision in part upon the following conclusions:

> The [Declaratory Judgments Act] expressly provides that persons may challenge ordinances or statutes, and that governmental entities must be joined or notified. Governmental entities joined as parties may be bound by a court's declaration on their ordinances or statutes. The Act thus contemplates that governmental entities may be—indeed, must be—joined in suits to construe their legislative pronouncements.[18]

This language from *Leeper* supports a conclusion that, in the Declaratory Judgments Act, the Legislature waived governmental entities' sovereign immunity from both claims seeking a declaratory judgment construing a statute and from

---

[15]Texas Civil Practice and Remedies Code section 37.0055 arguably contains a waiver of immunity as to officials of a state other than Texas. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.0055 (West 2015).

[16]Tex. Civ. Prac. & Rem. Code Ann. § 37.006(b) (emphasis added).

[17]*See id.*

[18]*Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994).

claims seeking a declaratory judgment challenging the validity of a statute.[19]  And, from 1994 through 2010, the Supreme Court of Texas cited this part of *Leeper* in support of each of these propositions.[20]  In 2011, the high court again cited *Leeper* and stated that the Declaratory Judgments Act contains an express waiver of a governmental unit's sovereign immunity as to a claim seeking a declaratory judgment challenging the validity of a statute.[21]  But, in the same case, the *Sefzik* court correctly noted that the *Heinrich* court concluded that sovereign immunity barred declaratory-judgment claims against the governmental entities, as opposed to the governmental actors.[22]  The *Sefzik* court indicated that, if the Declaratory Judgments Act included a waiver of governmental entities' sovereign immunity from claims seeking a declaratory judgment regarding the construction of a statute, then sovereign immunity would not have barred Heinrich's claims against the governmental entities.[23]  Because the *Heinrich* court concluded that sovereign immunity barred Heinrich's declaratory-judgment claims against the governmental entities, the *Sefzik* court concluded that the *Heinrich* court necessarily determined that the Declaratory Judgments Act does not waive the sovereign immunity of governmental entities from claims seeking a declaratory judgment regarding the

---

[19]*See id.*

[20]*See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 633–35 (Tex. 2010) (quoting *Leeper* language and stating that sovereign immunity is waived as to all governmental entities as to claims seeking a declaratory judgment construing a statute and claims seeking a declaratory judgment regarding the validity of a statute, though the court concluded that the case under review involved only a challenge to the validity of the statute); *Heinrich*, 284 S.W.3d at 373 n.6 (citing *Leeper* language and indicating that the Declaratory Judgments Act waives sovereign immunity as to claims seeking a declaratory judgment regarding the validity of a statute)

[21]*See Texas Dept. of Transp. v. Sefzik*, 355 S.W.3d 618, 622 & n.3 (Tex. 2011).

[22]*See Sefzik*, 355 S.W.3d at 621; *Heinrich*, 284 S.W.3d at 380.

[23]*See Sefzik*, 355 S.W.3d at 621.

construction of a statute and the plaintiff's rights under the statute.[24] The *Sefzik* court noted that, under an *ultra vires* claim, a plaintiff might be able to effectively get similar declaratory relief against a governmental official; nonetheless, the *Sefzik* court concluded that the Declaratory Judgments Act does not waive the sovereign immunity of governmental entities from claims seeking a declaratory judgment regarding the construction of a statute and the plaintiff's rights under the statute, abrogating *sub silentio* the *Leeper* court's contrary holding.[25] And, this court is bound to follow the *Sefzik* court's pronouncement of the law.[26]

In *Sefzik* the plaintiff sued a governmental entity but had not sued any governmental actors under an *ultra vires* claim.[27] Nonetheless, asserting a particular claim against a governmental actor in his official capacity generally is the same as asserting that claim against the governmental entity with which the official is affiliated.[28] Therefore, if sovereign immunity bars the City from joining the Department of Transportation in an action in which the City seeks declaratory relief regarding the construction of a statute and the City's rights under the statute, then sovereign immunity also would bar the City from suing the defendants in this

---

[24]*See id.*

[25]*See id.*; *City of San Antonio v. Rogers Shavano Ranch, Ltd.*, No. 04-13-00623-CV, 2014 WL 631484, at *2–5 (Tex. App.—San Antonio Feb. 19, 2014, pet. denied) (mem. op.); *City of McKinney v. Hank's Restaurant Group, L.P.*, 412 S.W.3d 102, 111–12 (Tex. App.—Dallas 2013, no pet.).

[26]*See Lubbock County, Texas v. Trammel's Lubbock Bail Bonds,* 80 S.W.3d 580, 585 (Tex. 2002). The parties have not cited and research has not revealed a high-court case addressing this issue since *Sefzik,* and this court's contrary statement in reliance on a pre-*Sefzik* case does not allow this court to ignore *Sefzik*. *See Montrose Management Dist. v. 1620 Hawthorne, Ltd.*, 435 S.W.3d 393, 404 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (citing *Tex. Lottery Comm'n v. First State Bank of DeQueen* and stating that "the [Declaratory Judgments Act] waives a governmental entity's immunity for a declaration construing an ordinance or statute").

[27]*See Sefzik*, 355 S.W.3d at 620–22.

[28]*See* *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007); *Guthrie v. Garcia*, 352 S.W.3d 307, 309 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

case unless the City has asserted a proper *ultra vires* claim against the defendants.[29]

Both in the trial court and on appeal, the City has asserted that, even if the City's claims are not treated as *ultra vires* claims, there is a waiver of the defendants' sovereign immunity because the City seeks declaratory relief regarding the construction of a statute and the City's rights under the statute. Under the *Sefzik* precedent, there is no waiver of sovereign immunity for this declaratory-judgment claim by the City.[30]

### *Scope of the Exception to Sovereign Immunity for an Ultra Vires Claim*

Private parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damagesas a declaratory-judgment claim.[31] In contrast to suits not implicating sovereign immunity, declaratory-judgment suits against state officials seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities are suits against the State that are barred by sovereign immunity.[32] On the other hand, *ultra vires* claims seeking to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money.[33] To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.[34]

---

[29]*See Sefzik*, 355 S.W.3d at 621; *Heinrich*, 284 S.W.3d at 369–80.

[30]*See Sefzik*, 355 S.W.3d at 621; *Heinrich*, 284 S.W.3d at 369–80.

[31]*Heinrich*, 284 S.W.3d at 371.

[32]*Id.* at 372.

[33]*Id.*

[34]*Id.* Earlier this year, the Supreme Court of Texas concluded that an *ultra vires* claimant may plead and prove that the government officer acted without legal authority or failed to perform a

7

*Ultra vires* claims cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity.[35] This is true even though an *ultra vires* suit, for all practical purposes, is against the state.[36] Even when *ultra vires* claims may be brought, the remedy may implicate immunity.[37] Because, for all practical purposes, an *ultra vires* suit is against the state, remedies for this suit must be limited.[38] The Declaratory Judgments Act cannot be used to circumvent a governmental entity's immunity from damages; retrospective monetary claims are generally barred by immunity.[39] A claimant who successfully proves an *ultra vires* claim is entitled to prospective injunctive relief as measured from the date of the injunction.[40] The *Heinrich* court indicated that an *ultra vires* claim would seek a combination of declaratory and injunctive relief, and the *Heinrich* court focused more on the injunctive relief available in an *ultra vires* claim.[41]

### The City's Failure to Plead an Ultra Vires Claim

In July 2014, the City filed its live pleading against the Texas Transportation Commission and its chair (collectively, the "Commission Parties"). The City did not allege that it was asserting an *ultra vires* claim. Instead, the City asserted that it brought suit under the Declaratory Judgments Act and did not seek any

---

purely ministerial act by anticipatorily refusing to comply with a statutory obligation that imposes a purely ministerial duty. *See Southwestern Bell Telephone, L.P. v. Emmett*, 459 S.W.3d 578, 587–89 (Tex. 2015).

[35] *See id*. at 373.

[36] *Id*.

[37] *Id*.

[38] *Id*. at 374.

[39] *Id*.

[40] *Id*. at 376.

[41] *Id*. at 369–77.

injunctive relief at all. The only basis for jurisdiction that the City alleges in the pleading is the Declaratory Judgments Act. The City alleges that it is entitled to reimbursement of costs associated with acquisition of replacement utility easements under Transportation Code section 203.092(a)(2). This statute provides that "[a] utility shall make a relocation of a utility facility at the expense of this state if relocation of the utility facility is required by improvement of . . . any segment of the state highway system and the utility has a compensable property interest in the land occupied by the facility to be relocated." [42]

The City alleges that the Commission Parties' refusal to reimburse the City for its relocation and land acquisition costs violates Transportation Code section 203.092(a)(2). The City seeks a declaration regarding the proper interpretation of this statute and requests a declaratory judgment that the city-owned utility easements are compensable property interests and that the City's acquisition of replacement utility easements are among the reimbursement costs "for which the state 'shall' pay, pursuant to Section 203.092 of the Texas Transportation Code." The City did not assert any other claim or seek any furtherrelief other than reasonable and necessary attorney's fees under the Texas Declaratory Judgments Act. In its live pleading, the City does not allege that the any of the Commission Parties acted without legal authority or failed to perform a purely ministerial act. [43] Even under a liberal construction of the City's live pleading, the substance of the City's claim is a request for declaratory relief regarding the proper construction of Texas Transportation Code section 203.092 rather than *ultra vires* claims against the Commission Parties. [44] Therefore, sovereign immunity bars the City's claim,

---

[42]Tex. Transp. Code Ann. § 203.092 (West 2015).

[43]*Heinrich*, 284 S.W.3d at 372.

[44]*Id*. at 369–77. The majority relies upon *Sefzik* to support the majority's conclusion that the City pleaded an *ultra vires* claim. The *Sefzik* court stated that the plaintiff sought declaratory

and the trial court erred in denying the Commission Parties' plea to the jurisdiction.[45] The City has had an opportunity to amend its pleading to assert an *ultra vires* claim, and the City has neither done so nor requested an opportunity to do so in the trial court or on appeal. Therefore, there is no basis for a remand to allow the City an opportunity to plead an *ultra vires* claim.[46]

For these reasons, the correct disposition is to reverse the trial court's order and render judgment dismissing the City's lawsuit for lack of jurisdiction. Accordingly, I concur in the court's judgment.


/s/    Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally (Boyce, J., majority).

---

relief and that the "underlying nature of his claim" was *ultra vires*. *See Sefzik*, 355 S.W.3d at 620–21 & n.2. After concluding that the only possible basis for a waiver of immunity was an *ultra vires* claim, the *Sefzik* court granted the plaintiff's request for a remand to the trial court in the interest of justice to allow the plaintiff an opportunity to plead an *ultra vires* claim. *See id*. at 622–23.

[45] *See Sefzik*, 355 S.W.3d at 621; *Heinrich*, 284 S.W.3d at 369–80.

[46] *See Robinson v. Alief Indep. Sch. Dist*., 298 S.W.3d 321, 328 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *Gray v. City of Galveston,* No. 14–03–00298–CV, 2003 WL 22908145, at *2 (Tex. App.—Houston [14th Dist.] Dec. 11, 2003, no pet.) (mem. op.).