**Opinion issued August 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00050-CV

———————————

**THE CITY OF HOUSTON, Appellant**

**V.**

**RANDALL KALLINEN, Appellee**

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Case No. 2008-75633**

---

## O P I N I O N

Pursuant to the Public Information Act, Randall Kallinen asked the City

of Houston to disclose information regarding a traffic-light camera study that

the City had commissioned. The City granted part of the request, but it

withheld other documents while it sought an opinion from the Attorney

General about whether they were subject to disclosure. *See* TEX. GOV'T CODE ANN. § 552.306(a) (West 2015) (giving Attorney General 45 business days after request to issue opinion). Before the Attorney General ruled, Kallinen sued for mandamus relief. The City responded to the suit with a plea to the jurisdiction, contending that the trial court lacked jurisdiction until the Attorney General ruled. The trial court overruled the City's plea, granted Kallinen's motion for summary judgment, ordered disclosure of many of the withheld documents, and awarded Kallinen attorney's fees. The City appealed.

This court agreed with the City's argument and dismissed Kallinen's suit for lack of jurisdiction. The Texas Supreme Court reversed that ruling and remanded the case to our court to address the remaining issues in the City's appeal. *See Kallinen v. City of Houston*, 462 S.W.3d 25, 29 (Tex. 2015) (per curiam).

On remand, the parties provided supplemental briefing. The City contends that: (1) the case was moot before the trial court entered its order; (2) Kallinen's claims are not barred by governmental immunity; and (3) the trial court abused its discretion in awarding attorney's fees. We affirm.

2

# BACKGROUND

The trial court ruled that (1) the City had refused to release documents sought in the lawsuit that were public information not subject to any exception from disclosure under the Public Information Act; (2) the City's withholding of those documents had necessitated the mandamus suit; and (3) Kallinen and Paul Kubosh, who at the time was also a plaintiff in the suit, had substantially prevailed in the suit, entitling them to an award of reasonable attorney's fees and costs. The trial court set the fee issue for trial.

Before the trial, the trial court denied the City's motion to strike Kubosh. The court held a full-day trial on the issue of Kubosh and Kallinen's reasonable attorney's fees. Kubosh and Kallinen filed their closing arguments and a supplemental brief, including counsel's supplemental affidavit on fees through the bench trial.

The trial court granted the City's motion for new trial with regard to attorney's fees for Kubosh and denied the City's plea to the jurisdiction. The trial court signed an amended final judgment, modifying its earlier judgment to reflect that it dismissed Kubosh's claims for lack of standing. Kubosh does not appeal that ruling. The trial court then reduced the fee award by the amount of those fees incurred solely in representing Kubosh.

The amended final judgment provides that

3

Kallinen should recover his reasonable and necessary attorney's fees, which the Court finds to be ninety-two thousand one hundred seventy-six and no/100 dollars ($92,176.00), with post-judgment interest thereon at the rate of five percent (5%) per annum from the date of this judgment until paid, together with all costs of court in his behalf expended.

It further awards Kallinen $30,000.00 in reasonable and necessary fees, conditioned on a successful appeal in this court, and $50,000.00 in reasonable and necessary fees, conditioned on a successful appeal in the Texas Supreme Court.

## DISCUSSION

### I.      Justiciability

In its supplemental brief after remand, the City maintains, for the first time in this case, that its controversy with Kallinen over the disclosure of documents is moot. The City argues that it voluntarily provided Kallinen with those documents before the trial court signed its final judgment. The record, however, shows that the City's compliance with the trial court's order to disclose the withheld documents did not end the parties' dispute at that time: the City continued to challenge the trial court's authority to issue a ruling on Kallinen's public information claim through a plea to the jurisdiction, a challenge that ended with the Supreme Court's ultimate decision in the case rejecting the City's position. *See Kallinen*, 462 S.W.3d at 9. We presume the City prosecuted the case on appeal before this court and defended its

4

position in the Texas Supreme Court in good faith. *See Heckman v. Williamson Cty.*, 369 S.W.3d 137, 162 (Tex. 2012) (explaining that with exceptions not applicable here, "a court cannot decide a case that has become moot during the pendency of the litigation").

The City relies on *Texas State Board of Veterinary Medical Examiners v. Giggleman*, 408 S.W.3d 696 (Tex. App.—Austin 2013, no pet.), to support its mootness argument. In *Giggleman*, the Veterinary Board received a complaint about Dr. Giggleman. *See id.* at 698–99. The Board forwarded a copy of the complaint to him and asked him to respond, but refused to provide him with a copy of the exhibits that had accompanied the original complaint. *Id.* Treating Dr. Giggleman's demand for the exhibit copies as a public information request, the Board sought an attorney general ruling on its claimed investigative privilege, and the attorney general agreed that the Board could withhold the information. *Id.* at 699. Meanwhile, Dr. Giggleman sued to compel the Board to release the documents. *Id.* The trial court granted Dr. Giggleman's motion for summary judgment and denied the Board's motion for summary judgment. *Id.* at 700. Before the final hearing, however, the Board voluntarily produced the exhibits to Dr. Giggleman. *Id.* at 701. It then sought dismissal based on mootness. *Id.* The trial court refused to dismiss

5

the case and awarded Dr. Giggleman his attorney's fees pursuant to section 552.323 of the Government Code. *See id.* at 701–02.

The Austin Court of Appeals reversed. *Id.* at 709. It agreed with the Board that its voluntary production of the exhibits rendered the suit moot and held that the trial court erred in awarding Dr. Giggleman's request for attorney's fees. *See id.* at 706.

Unlike the Board in *Giggleman*, however, the City in this case did not claim in the trial court that it had voluntarily released the documents that Kallinen requested. Until its supplemental briefing on remand, the City has consistently claimed that it released the documents in compliance with the trial court's ruling. Neither the trial court's final judgment nor the City's notice of appeal reflects an agreement by the City to release the documents to Kallinen.[1] Rather, the City appealed the trial court's ruling; it has vigorously prosecuted its position that the trial court lacked the jurisdiction to adjudicate Kallinen's public information suit in the first place. *See Kallinen*, 462 S.W.3d at 27 ("The parties agree that the only basis for the trial court's jurisdiction is Section 552.321(a) of the PIA.").

---

[1] Under the rule enunciated in *In re Dallas Area Rapid Transit*, 967 S.W.2d 358 (Tex. 1998), the City could have withheld the documents while it pursued its appeal, but chose not to do so. *See id.* at 359 (holding that governmental body's notice of appeal superseded judgment compelling production of documents under Chapter 552 without need to post security).

The Supreme Court's ruling on the question of the trial court's jurisdiction settled that aspect of the City's appeal. *See id.* at 28–29. We take the City at its word that it no longer has any justiciable dispute with Kallinen relating to the documents disclosed. The City continues to claim, however, the protection of governmental immunity to challenge the trial court's award of attorney's fees to Kallinen as well as contest the trial court's determination that Kallinen "substantially prevail[ed]" pursuant to section 552.323(a). Under analogous circumstances, the Supreme Court has held that a controversy remained justiciable. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005) (rejecting assertion that case became moot after legislative amendment settled constitutionality challenge to statute because resolution of remaining attorney's fee issue depended on determination of whether insurer had duty to defend). To the extent that *Giggleman* holds differently, we decline to follow it. Accordingly, we hold that the controversy is not moot and consider the City's remaining jurisdictional challenges because they bear on the trial court's award of attorney's fees.

## II. Governmental Immunity

We first address the City's contention that the Public Information Act requires a public information officer to be named as the defendant and thus any claim brought directly against the City is barred by governmental

7

immunity. *See* TEX. GOV'T CODE ANN. § 552.201(b) (providing that "[e]ach elected county officer is the officer for public information and the custodian . . . of the information created or received by that county officer's office").

Governmental immunity protects the State from lawsuits for money damages. *Tex. Nat. Res. Conserv. Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002), *quoted in Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). Political subdivisions of the state, including the City, are entitled to such immunity. *Reata Constr.*, 197 S.W.3d at 374. According to the City, Kallinen should have named the "officer for public information of a governmental body" as the respondent rather than the governmental body itself because the duty to produce public information for inspection belongs to the officer. *See* TEX. GOV'T CODE ANN. §§ 552.204, 552.221.

A mandamus suit seeking documents under the Public Information Act, however, is not a suit for money damages. *Moore v. Collins*, 897 S.W.2d 496, 500 (Tex. App.—Houston [1st Dist.] 1995, no writ) (declaring that "nothing in the Open Records Act permits punitive or compensatory damages for failure to turn over public records"); *see* TEX. GOV'T CODE ANN. § 552.321(a). Thus, the requested relief in this case—the production of public records—is not a claim that is barred by governmental immunity.

The City relies on *AT&T Consultants, Inc. v. Sharp*, 904 S.W.2d 668 (Tex. 1995), for the proposition that the "proper party" for a section 552.321 mandamus claim is the officer for public information rather than the governmental body. *See id.* at 673. But the statute has been amended to resolve the jurisdictional problem recognized in *Sharp*. *See* Act of June 19, 1999, 76th R.S., ch. 1319, § 27, 1999 TEX. GEN. LAWS 4511 (codified at TEX. GOV'T CODE. ANN. § 552.321(b)) (providing for district court jurisdiction over mandamus suit).

The other case that the City relies on, *Guthrie v. Garcia*, 352 S.W.3d 307 (Tex. App.—Houston [14th Dist.] 2011, no pet.), is unavailing for the same reason. In that case, the Harris County Sheriff sought dismissal of a statutory mandamus claim against him on the basis that it was redundant of the claims against the County. *Id.* at 308. Our sister court noted that governmental immunity cases that involved damages were not applicable to Open Records Act claims for mandamus relief. *See id.* at 309. *Guthrie* held that the section 552.321 mandamus proceeding could properly proceed against the Harris County Sheriff in his official capacity, in part based on the observation that a case against the County could not be brought under the statutory mandamus provision that existed at the time the Supreme Court decided *Sharp*. *See id.* at 309–10. Our sister court acknowledged that

9

"mandamus claims against a governmental body generally would be equivalent to mandamus claims against that body's information officer." *Id*. That part of the court's opinion does not take into account that the statute had been amended.

The Texas Supreme Court, in addressing this appeal in the first instance, did not decline to decide the case for lack of a proper party. The plain language of the amended mandamus statute supports the naming of a governmental body as the respondent: it declares that the requestor may file a suit under its provisions "for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses" to request an attorney general opinion or supply public information not excepted from disclosure. TEX. GOV'T CODE ANN. § 552.321(a). The attorney's fees provision likewise holds the governmental body responsible for paying any award of attorney's fees and costs, plainly providing a basis for seeking relief against a governmental body. *See* TEX. GOV'T CODE ANN. § 552.323(a). We hold that the statutory language does not support the City's urged interpretation. Further, its reading would contravene the legislative pronouncement that the statute "be liberally construed in favor of granting a request for information." TEX. GOV'T CODE ANN. § 552.001(b). Accordingly, we reject the City's contention that the

10

Public Information Act requires the requestor to name the public information officer as the respondent or face dismissal for lack of jurisdiction. Thus, we turn to the merits of the City's appeal of the trial court's fee award.

## III. Attorney's Fees

### A. Standard of review

An award of attorney's fees rests in the discretion of the trial court. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012) (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam)). A trial court abuses that discretion if it acts arbitrarily, unreasonably, or without regard to guiding legal principles, or if its decision is not supported by legally or factually sufficient evidence. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1988); *Charette v. Fitzgerald*, 213 S.W.3d 505, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see also Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991) (explaining that legal and factual sufficiency of evidence are relevant factors in determining whether trial court abused its discretion). Thus, in reviewing a fee award, we consider whether the trial court (1) had sufficient evidence upon which to exercise its discretion and (2) erred in its application of that discretion. *Grotewold v. Meyer*, 457 S.W.3d 531, 533–34 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (citing

*Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App.—Dallas 2005, pet. denied)).

## B. Applicable law

Section 552.323 of the Government Code provides:

(a)    In an action brought under Section 552.321 or 552.3215, the court shall assess costs of litigation and reasonable attorney fees incurred by a plaintiff who substantially prevails, except that the court may not assess those costs and fees against a governmental body if the court finds that the governmental body acted in reasonable reliance on:

    (1)    a judgment or an order of a court applicable to the governmental body;

    (2)    the published opinion of an appellate court; or

    (3)    a written decision of the attorney general, including a decision issued under Subchapter G or an opinion issued under Section 402.042.

(b)    In an action brought under Section 552.324, the court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails. In exercising its discretion under this subsection, the court shall consider whether the conduct of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith.

TEX. GOV'T CODE ANN. § 552.323(a).

The party applying for an attorney's fee award bears the burden of proving the amount of the fees and their reasonableness. *See El Apple*, 370 S.W.3d at 762–63. To establish the amount of the fees, the proof should include:

(1)   the nature of the work,

(2)   who performed the services and their rate,

(3)   approximately when the services were performed, and

(4)   the number of hours worked.

*Id.* at 763. To show reasonableness, the applicant must adduce evidence according to the eight nonexclusive factors relevant to the lodestar determination. *See id.* at 761 (first citing TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(b); and then citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)). These include:

(1)   the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2)   the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3)   the fee customarily charged in the locality for similar legal services;

(4)   the amount involved and the results obtained;

(5)   the time limitations imposed by the client or by the circumstances;

(6)  the nature and length of the professional relationship with the client;

(7)  the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8)  whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.*

### C.  Evidentiary challenges

The City contends that Kallinen is not entitled to an attorney fee award because there is no evidence that he incurred any of the claimed fees. The City points to the law firm's invoices, which, it claims, identify Kubosh as the individual who incurred the fees and not Kallinen, the named plaintiff.

At the time the trial court held the bench trial on attorney's fees, it had not dismissed Kubosh from the case. During the trial, counsel's testimony generally referenced both Kallinen and Kubosh collectively as "clients." The invoices in evidence are addressed to Kubosh at his law office, but each invoice contains a reference line identifying the clients as "Kubosh, Paul and Kallinen, Randall." During the City's cross-examination of Kallinen's counsel the following exchange occurred:

Q.  I believe you said your clients have paid your bill?

A.  Correct.

14

Also, before the trial court ruled on the attorney's fee application, Kallinen's counsel submitted a supplemental affidavit in which he averred that, since the original fee application's submission, "Kallinen and Kubosh have incurred an additional $4,480 in fees . . . ." This is sufficient evidence that Kallinen incurred the attorney's fees to support the trial court's exercise of discretion.

The City asserts that Kallinen's counsel failed to segregate any attorney fees incurred by Kubosh from any incurred by Kallinen. When the trial court dismissed Kubosh's claims against the City, it revised its fee award. Following the trial court's announcement of its ruling that Kubosh lacked standing, Kallinen and Kubosh filed a motion for reconsideration of that ruling or, in the alternative, for an amended final judgment and order reflecting Kubosh's dismissal. The motion included a table of itemized entries from the billing records submitted at trial that, according to counsel's accompanying affidavit, related to matters solely concerning Kubosh. Counsel averred that "[a]ll other work was done jointly in connection with obtaining release of the contested documents." The table reflects that the total for time billed solely to Kubosh amounted to $3,488.00. This amount corresponds to the difference between the fee award contained in the original final judgment and the reduced fee award contained in the amended final

judgment. We hold that Kallinen provided adequate evidence segregating fees incurred in connection with his own representation from those incurred in connection with Kubosh's representation.

The City next asserts that Kallinen offered no evidence that the fees he incurred were reasonable. The reasonableness of an attorney's fee award generally presents a question of fact. *Volume Millwork, Inc. v. W. Hous. Airport Corp.*, 218 S.W.3d 722, 735 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). The record shows that during the day-long trial on attorney's fees, Kallinen's counsel addressed the factors to consider in awarding fees, including that

- "because these are document-intensive cases, there is a great deal of time and labor involved, particularly when you have so many documents involved and where the City is claiming privilege on all of them";

- the issues involved in determining whether the asserted privilege applies are not "novel . . ., but they are difficult to resol[ve] and require[] a great deal of skill";

- he has the experience, skill and background necessary to perform the legal services required of the case, including nearly 20 years of experience handling public information cases, has been recognized for a high level of expertise in the area, and has spoken at legal seminars about managing public information cases; and that

- he billed at a fixed hourly rate, which was "quite a bit less than other lawyers with some law firms that do the same

16

thing," and he identified one such lawyer whose "rates are significantly higher . . . ."

In accounting for the hours billed, Kallinen's counsel described the significant time involved in opposition to what he described as the City's dilatory tactics throughout the litigation. Kallinen offered into evidence approximately 57 pages of redacted bills detailing the services that resulted in those fees, including the type of services performed, the amount of time expended on each service, the identity of the person who performed them and their billable rates, and the dates the services were performed. Further, he provided the unredacted bills for in camera review. The record thus contains evidence to support the trial court's implicit finding that Kallinen's attorney's fee request was reasonable.

The City points to testimony from its own expert that disputes the reasonableness of Kallinen's attorney's fee request, contending that its expert "raised numerous fact issues regarding whether [Kallinen] satisfied [his] burden to prove that the claimed attorney fees were reasonable." This contention, however, misapprehends the nature of appellate review. None of the criticism of billing practices or legal strategies offered by the City's expert, which the City itemizes in its brief, conclusively negates the testimony and evidence supporting the award. The trial court was entitled to give more credit and weight to the testimony of Kallinen's counsel than to that of the City's

17

expert in determining a reasonable fee award. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) (discussing trial court's authority to resolve factual disputes during bench trial). We hold that the trial court acted within its discretion in determining the reasonable amount of attorney's fees for the services rendered.

Finally, the City contends that Kallinen failed to properly segregate recoverable attorney's fees from non-recoverable fees. The Texas Supreme Court has confirmed that where attorney's fees relate to a claim for which fees are not recoverable, a claimant must segregate recoverable from unrecoverable fees. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006). Intertwined facts do not make fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated. *See id.* at 313–14.

According to the City, Kallinen was not entitled to recover fees incurred in connection with documents that the City voluntarily disclosed, as opposed to documents which the trial court ordered disclosed. But *Chapa* requires segregation of unrecoverable claims, not documents. The plain language of section 552.323(a) allows for a party who *substantially* prevails to recover

attorney's fees and costs. Kallinen substantially prevailed on his public information claim.

As a practical matter, counsel will spend little time on obtaining voluntarily disclosed documents; most of the time on the case is spent pursuing disclosure of the withheld documents and, as in this case, in recovery of the associated attorney's fees. Documents are of varying worth; in determining a reasonable fee award, a trial court may determine whether the documents voluntarily disclosed, either standing alone or when viewed together with the remaining documents, were of any value to the fee applicant as well as focus on the overall merit of the parties' arguments for and against disclosure. The City has not demonstrated that the trial court abused its discretion on this basis.

With respect to the conditional award of appellate attorney's fees, Kallinen's appellate counsel provided testimony relevant to the lodestar factors and an estimate of the fees associated with a successful appeal to this court and to the Texas Supreme Court. *See El Apple*, 370 S.W.3d at 764; *Sentinel Integrity Sols., Inc. v. Mistras Grp., Inc.*, 414 S.W.3d 911, 930 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). On appeal, the City does not challenge the trial court's award of appellate fees.

## CONCLUSION

We conclude that the trial court had jurisdiction because the case is not moot and the City is not immune from the claim against it. We further conclude that the trial court's award of attorney's fees was within its discretion. We therefore affirm the judgment of the trial court.



Jane Bland
Justice

Panel consists of Justices Bland, Brown, and Lloyd.